**Charles OLSON, Appellant (Respondent Below),**

v.

**Marilyn OLSON, Appellee (Plaintiff Below).**

**No. 2–881A264.**

Court of Appeals of Indiana, Second District.

March 9, 1983.

M. Anne Wilcox, Ralph Ogden, J. William DuMond, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Judith S. Proffitt, Campbell, Kyle & Proffitt, Carmel, for appellee.

SULLIVAN, Judge.

Charles Olson, respondent below (Father), appeals the trial court's judgment relating to his duty to pay child support to Marilyn Olson, petitioner below (Mother), on behalf of his son, Gary.

Father presents one issue for review: did the trial court err in refusing to credit child support payments paid for Gary after the son reached age twenty-one against child support arrearages accrued prior to that time?

On December 31, 1974, the marriage was dissolved. Under the terms of the decree, custody of the three minor children—Gary, Bruce and Brian—was awarded to Mother, and Father was ordered to pay periodic child support, i.e. weekly, "until further order of Court." Record at 6. Father was also ordered to pay the college expenses of the children of the marriage, including tuition, room, board, books and fees, for a period of time not to exceed four years.

In due course, Gary entered college as a full-time student. On July 18, 1979, while still in college, he reached age twenty-one. Father continued to pay Mother weekly child support for Gary. Thereafter, on January 23, 1980, after consideration of Father's request for clarification of the dissolution decree[1] and Mother's petition to modify, the trial court entered a "partial order" determining that Father was in arrears in child support for all the children and in Gary's college expenses. In addition,

---

1. Father earlier, on July 30, 1979, filed a "Request for Clarification and/or Modification of Decree of Dissolution." It contained no request for termination of general periodic support from and after Gary's 21st birthday. It related solely to Father's contention that the duty of support terminated upon a child's 18th birthday and that certain of the college expenses duplicated the general support payments.

the trial court ordered Father to continue to pay child support for all the children.

Gary graduated from college on May 18, 1980. Thereafter, on June 4, 1980, Father filed his motion for correction of the "partial order" in which he alleged for the first time that, with respect to Gary, the obligation to pay periodic child support (but not educational expenses) terminated on Gary's twenty-first birthday. Father therefore requested that he be given credit against his outstanding arrearages for support payments made on behalf of Gary after July 18, 1979.

On November 3, 1980, the trial court accepted the parties' agreed entry which disposed of all issues except the treatment of Father's periodic support payments made for Gary after July 18, 1979. This issue the parties agreed to submit to the trial court. Thereafter, on March 9, 1981, the trial court made its final entry, finding Father "responsible for the support of Gary, to and including May 18, 1980." Record at 72. From this entry, Father appeals.

■ Determinations of proper child support are committed to judicial discretion. *Howard v. Reeck* (2d Dist.1982) Ind.App., 439 N.E.2d 727; *Inkoff v. Inkoff* (3d Dist. 1974) 159 Ind.App. 239, 306 N.E.2d 132. Such determinations will not be disturbed unless either an abuse of discretion or contrary to law. *Inkoff v. Inkoff, supra; Draime v. Draime* (1961) 132 Ind.App. 99, 173 N.E.2d 70.

The child support statute provides in part:

"(d) The duty to support a child under this chapter ceases when the child reaches his twenty-first (21st) birthday unless:

(1) the child is emancipated prior to his twenty-first (21st) birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court; or

(2) the child is incapacitated in which case the child support continues during

the incapacity or until further order of the court." I.C. 31–1–11.5–12(d) (West Ann.Code 1979) (hereinafter "Section 12(d)").

In this case there are two separate provisions in the dissolution decree relating to child support: one provides periodic payments for the general support expenses of the children and the other provides for each child's higher educational needs.

Under Section 12(d), the duty to provide payments for the general support expenses of a child terminates at age twenty-one unless the trial court makes a special finding to extend the periodic support payment obligation under subparagraph (2) thereof. *See Brokaw v. Brokaw* (3d Dist.1980) Ind. App., 398 N.E.2d 1385; *Ross v. Ross* (2d Dist.1979) Ind.App., 397 N.E.2d 1066. Under the statute, however, an order for educational needs can extend beyond the child's twenty-first birthday. This follows from the phrase in Section 12(d)(1): "an order for educational needs may continue in effect until further order of the court." *See* Garfield, *Domestic Relations, 1980 Survey of Recent Developments in Indiana Law,* 14 Ind.L.Rev. 315, 333 (hereinafter "*1980 Domestic Relations Survey*"). *See also Brokaw v. Brokaw, supra.* Such an interpretation also is in accordance with the trend in other states to recognize that there may be a duty under a particular child support statute to continue paying for educational needs after a child reaches age twenty-one. *See Weeks v. Weeks* (1972) 47 Ala.App. 664, 260 So.2d 396; *Hinchey v. Hinchey* (Alaska 1981) 625 P.2d 297; *Mohammad v. Mohammad* (Fla.App.1979) 371 So.2d 1070; *Robinson v. Robinson* (1978) 242 Ga. 698; 251 S.E.2d 287; *French v. French* (1977) 117 N.H. 696, 378 A.2d 1127; *Lord v. Lord* (1978) 96 Misc.2d 434, 409 N.Y.S.2d 46; *Childers v. Childers* (1978) 89 Wash.2d 592, 575 P.2d 201. *See generally* Note, *Graduate School Support: One Last Dip into the Proverbial Parental Pocketbook,* 56 Ind.L.J. 541 (1981); R. Washburn, *Post-Majority Support: Oh Dad, Poor Dad,* 44 Temp.L.Q. 319

(1971); Annot., 99 A.L.R.3d 322 (1980). *But see Patrzykont v. Patrzykont* (1982) Kan. App., 7 Kan.App.2d 533, 644 P.2d 1009 (court has no power to extend an order for support of a child beyond the majority of the child regardless of the continuation of actual dependency).

Regarding the duty of support under our statute, it has been noted:

"In the absence of special circumstances, the duty of a parent to support his (or her) child terminates upon emancipation of the child. For child support purposes, emancipation occurs at the age of twenty-one, but it may occur earlier, for all purposes except the child's educational needs. Whenever the child is emancipated, any outstanding decree ordering the parent to support the child terminates automatically . . . ." *1980 Domestic Relations Survey* at 329–330 (footnotes omitted).

■ Father's obligation to pay periodic child support payments for Gary terminated as a matter of law on Gary's twenty-first birthday. The trial court was in error in determining that Father was "responsible for the support of Gary . . . to and including May 18, 1980" (Record at 72), at least to the extent the court thereby required Father to make periodic payments for Gary's benefit after Gary's twenty-first birthday. Father's duty to pay Gary's educational expenses, however, did continue until May 18, 1980, when Gary graduated.

The dissolution decree here did not contain an in gross support award relating to all three children. Therefore, Father may have justifiably ceased making periodic payments for Gary upon Gary's twenty-first birthday and need not have petitioned the court to find Gary emancipated, despite the language in the dissolution decree that Father pay child support "until further order of Court." *Compare Ross v. Ross, supra,* 397 N.E.2d 1066, (non-custodial parent must make the payments "in the manner, amount and at the times required by the original order" and cannot unilaterally decrease support payments for an assertedly emancipated child under the age of twenty-one). Alternatively, and perhaps the wiser course would have been for Father to file at some time prior to Gary's twenty-first birthday a request with the trial court for permission to cease periodic support payments for Gary on the appropriate date. However, Father did neither of these; rather, he continued to make periodic payments for the benefit of Gary until Gary graduated from college. Father waited almost a year after Gary's twenty-first birthday before he asserted his claim.

Although the trial court was in error in determining that the Father's duty to make periodic payments of general support for Gary continued after he attained age twenty-one, the error committed was harmless.

■ Unrequired payments made by a non-custodial parent for the benefit of children must be considered a gratuity or a voluntary contribution. They should not be considered a prepayment of the support obligation. Nor should they be credited against arrearages due with respect to other children. *See In Re Marriage of Bradach* (4th Dist.1981) Ind.App., 422 N.E.2d 342, 352–53; *Whitman v. Whitman* (2d Dist. 1980) Ind.App., 405 N.E.2d 608; *In re Marriage of Honkomp* (3d Dist.1978) Ind.App., 381 N.E.2d 881.

It is true that the Father's unrequired payments here are easily identifiable and provable. In addition, it may be observed that the rationale which forbids credit against future support does not apply here. The purpose of providing "regular uninterrupted income for the benefit of that parent's children" would not be thwarted. *Haycraft v. Haycraft* (1978) Ind.App., 375 N.E.2d 252, 255. Nevertheless, we recognize that the parents in intact families often contribute, to the extent of their ability, to their children's support even after their children have reached the age of twenty-one. When the need exists, such gestures of familial affection, solidarity and support

are to be commended, if not encouraged. Similar acts involving parent-child in a dissolved marital relationship are entitled to judicial recognition. This is true because in the formulation and enforcement of support orders the courts seek to eliminate or minimize the prejudicial economic impact of dissolution.

We hold that the periodic payments made by Father for Gary after Gary reached the age of twenty-one were voluntary contributions to the support of the children of the marriage, and hence, could not be applied against arrearages accumulated prior to that time.

The judgment is affirmed.

BUCHANAN, C.J., and MILLER, J. (participating by designation), concur.