**John N. DONEGAN, Appellant (Respondent),**

v.

**Katherine DONEGAN, Appellee (Petitioner).**

No. 49S02–9202–CV–112.

Supreme Court of Indiana.

Dec. 22, 1992.

Charles B. Huppert, Indianapolis, for appellant.

Franklin I. Miroff, Monty K. Woolsey, Ancel, Miroff & Frank, P.C., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

DICKSON, Justice.

In our prior opinion in this case, we granted transfer to recognize and clarify the authority of a post-dissolution trial court to complete consideration of an initial petition for educational needs filed before a child's emancipation. *Donegan v. Donegan* (1992), Ind., 586 N.E.2d 844. Finding waiver of John N. Donegan's emancipation defense, we declined to address his appellate claim that the trial court erred in finding, without any evidentiary basis, that his daughter Jennifer was emancipated on June 17, 1988. John now seeks rehearing, urging that in dismissing a petition seeking to fix the date of emancipation so as to terminate his child support obligation, he did not waive his emancipation defense to his former wife's initial petition for educational needs. We grant rehearing.

John declares that he abandoned his modification petition due to mootness because Jennifer had subsequently reached age 21. However, he contends that any waiver of the emancipation issue in his modification petition should bear only upon when regular child support terminated, and not prevent him from disputing the later petition filed by his former wife, Katherine Donegan, seeking contribution to Jennifer's college expenses. Directing us to dialogue between counsel and the trial court before and during the hearing on Katherine's petition, John argues that he clearly did not intend to waive the issue of emancipation as a defense to her petition for educational needs. He also stresses that evidence presented at the hearing on her petition established the defense that prior to the filing of her petition, the initial petition for educational needs, Jennifer had become fully emancipated under Ind.Code § 31–1–11.5–12(d) and (e).

Katherine urges that John waived his right to argue that Jennifer was emancipated prior to the filing date of the petition for educational needs by reason of his consent to continuances in this dispute and his statement on the record that he had no objection to the trial court entering an order obligating him to contribute toward Jennifer's educational needs.

 We first observe that, unlike a claim of changed circumstances requiring modification of support,[1] the assertion of emancipation will be effective as of the date of emancipation rather than as of the date of filing. Extinguishing a parental support obligation due to the emancipation of a minor does not constitute an impermissible retroactive modification of a support order. *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066. A support obligor may assert emancipation of the child as a defense to a petition seeking an order which provides for the educational needs where no order providing for educational needs was entered prior to emancipation. *See Wittwer v. Wittwer* (1989), Ind.App., 545 N.E.2d 27, 29. In the present case, no order addressing Jennifer's educational needs existed prior to the filing of Katherine's petition seeking John's payments toward college expenses.

 We reject Katherine's claim that John waived his emancipation defense by consenting to continuances and by his testimony that he had no objection to contributing to Jennifer's college expenses. In John's testimony at the hearing, he stated only that he was willing to voluntarily contribute but expressly opposed a court-ordered contribution. We also decline to find an implied waiver from his consenting to continuances.

 Concluding that John's emancipation defense to Katherine's petition for educational needs was not abandoned or waived, we must now address John's appellate contention that there was an absence of any evidence to support the trial court's determination of June 17, 1988, as the date Jennifer was emancipated for purposes of

---

**1.** The general rule in Indiana is that retroactive modification of support payments is erroneous if the modification relates back to a date earlier than the filing of a petition to modify. *Reeves v. Reeves* (1992), Ind.App., 584 N.E.2d 589, 594.

A trial court has the discretion to make a modification of support payments effective either at or any time after the filing of the petition. *Talarico v. Smithson* (1991), Ind.App., 579 N.E.2d 671.

child support. On appeal, the specific findings and conclusions of the trial court will be affirmed unless they are clearly erroneous. Ind. Trial Rule 52(A). The appellate reversal of a judgment predicated upon a finding may result when there exists no competent evidence to support such a finding. *Heckman v. Heckman* (1956), 235 Ind. 472, 134 N.E.2d 695, 698.

■ John argues that because Jennifer's emancipation status remained essentially unchanged during a period well before Katherine's June 15, 1988, filing of her petition for contribution, the trial court erred in selecting June 17 as the date of emancipation, rather than a date prior to the filing of her counter-petition. We agree.

Here, an accurate determination of emancipation date is particularly crucial. As we concluded in our opinion to transfer this case,

> While a trial court may not first make an order for educational needs when the petition seeking such relief is filed *after* the child's emancipation, it is authorized to complete consideration of petitions filed *before* emancipation.

*Donegan*, 586 N.E.2d at 846 (emphasis in original).

The trial court found that Jennifer was emancipated based upon evidence that in February, 1988, Jennifer was no longer enrolled in college; that until May, 1988, Katherine was without knowledge of her daughter's withdrawal from school; that by March, 1988, Jennifer earned $6.50 per hour while employed as a hotel reservationist; and that by May, 1988, she was paying rent to live in her mother's apartment. There was no evidence of any change in her status thereafter and Katherine concedes that the June 17 date does not coincide with any material changes in circumstances. Brief of Appellee to the Court of Appeals at 16.

In view of these evidentiary factors and upon re-examination of the entire record, we find that from May, 1988, through June 17, 1988, there were no changes in the facts or inferences relevant to the issue of emancipation. Thus, because there is a complete absence of evidence to support the trial court's finding that Jennifer was emancipated after June 15 but not before, it was clearly erroneous for the trial court to have determined that Jennifer's date of emancipation occurred after the filing date of the petition for contribution toward college expenses. With the evidence insufficient to establish that Jennifer's emancipation occurred after the filing of Katherine's petition for educational expenses, it was error to grant the petition.

Rehearing is granted. The trial court's order for contribution toward college expenses is reversed. In all other respects we leave undisturbed our earlier opinion on petition to transfer. Cause remanded to the trial court for entry of judgment for respondent John N. Donegan.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents without opinion.