**Elaine KIRCHOFF, Appellant–Petitioner,**

**v.**

**Bruce L. KIRCHOFF, Appellee–Respondent.**

**No. 63A01–9302–CV–48.**

Court of Appeals of Indiana, First District.

Aug. 26, 1993.

---

J. David Roellgen, Emison, Doolittle, Kolb & Roellgen, Vincennes, for appellant-petitioner.

Paul B. Ledford, Vincennes, for appellee-respondent.

BAKER, Judge.

Appellant-petitioner Elaine Kirchoff appeals the trial court's order denying her petition for contempt and granting appellee-respondent Bruce Kirchoff's petition for modification of child support. Elaine raises the following two issues for our review:

I. Whether the trial court abused its discretion when it granted Bruce's petition for modification of child support.

II. Whether the trial court abused its discretion when it failed to find Bruce in contempt of court for his unilateral reduction of child support payments for the parties' minor children.

We affirm and remand.

## FACTS

The facts most favorable to the trial court's judgment are that on May 23, 1991, the Kirchoff's marriage was dissolved and the parties entered into an agreement of property settlement and child custody. Under this agreement, which was approved by the trial court and incorporated in the decree of dissolution and approved by Elaine's attorney [1] Elaine was given custody of the parties' children [2] while Bruce was given reasonable visitation. Bruce agreed to pay Elaine $500 per week as child support beginning on May 24, 1991, and continuing until each child graduated from college.

Since the marriage dissolution the following changes in circumstances have taken place. On December 7, 1991, Scott Kirchoff, the parties' eldest child and a college student, became twenty-one years old. Scott has not lived with either parent for approximately one year. On April 6, 1992, Julie Kirchoff, the parties' eighteen-year-old daughter, left Elaine's home to live with Bruce until she began college out of state, at which time Bruce assumed total financial responsibility for Julie. In August 1992, Elaine began full-time employment at a compensation rate of $220 per week. The original support agreement was based on Elaine's earning $175 per week during holiday seasons only. Bruce's

---

[1] An attorney recommended by Bruce, assisted Elaine throughout a portion of the divorce and settlement process. The attorney's assistance included reviewing the agreement of property settlement and child custody and advising Elaine that it looked pretty good to him. *Record* at 74. The attorney's recommendation that Elaine obtain different counsel was not followed and the attorney later withdrew. *Record* at 74.

[2] Elaine and Bruce Kirchoff have three children together, Scott, Julie, and Jason Kirchoff. *Record* at 57.

income from his law practice declined to $1,500 per week from the $2,000 per week upon which the agreement was based. Jason Kirchoff, the parties' fourteen-year-old son, has continued to live with Elaine since the divorce.

On May 14, 1992, approximately one year after the dissolution, Bruce unilaterally and without petitioning the court decreased payments to Elaine for the support of the parties three children from $500 per week to $334 per week.

Thereafter, Elaine petitioned to have Bruce found in contempt of the court's support order. Bruce then filed a petition for modification of the support order. After conducting a hearing on Elaine's petition for contempt and Bruce's petition for modification, the court denied the contempt petition and granted the modification petition.

The trial court denied Elaine's petition for contempt, based on IND.CODE 31-1-11.5-12(d), which provides that the duty to support a child ceases upon the child's twenty-first birthday unless certain conditions exist which were not present here. However, the court ordered Bruce to pay back support of $799 finding Bruce's reduced weekly payments from May 14, 1992, through September 14, 1992, the date of modification, were $47 per week less than the support guidelines for two minor children. The trial court then granted Bruce's petition for modification of child support finding that Bruce showed a change in circumstances so substantial and continuing as to make the court's prior support order unreasonable.

## DISCUSSION AND DECISION

### I. *Modification Order*

◼ We review a trial court's decision to modify a support order to determine only if the trial court abused its discretion in finding "changed circumstances so substantial and continuing as to make the terms unreasonable." IND.CODE 31-1-11.5-17(a)(1); *Halum v. Halum* (1986), Ind. App., 492 N.E.2d 30, 32-33. This statutory standard applies to all support and mainte-nance orders, regardless of the origin of its terms and even though the parties intend it as forever determinative. *Id.* at 33. Therefore, the fact that the support order was entered pursuant to a property settlement and child custody agreement and was to "continue on each child until graduation from college" did not deprive Bruce of the right to seek modification and is of no consequence to the question of whether the support order should be subsequently modified.

◼ To determine whether the trial court abused its discretion in modifying a support order, this court will not assess the witnesses' credibility nor weigh the evidence, but will consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom. *Rice v. Rice* (1984), Ind.App., 460 N.E.2d 1228, 1230. Under this standard, if there is substantial evidence to support the trial court's finding, its conclusion will not be disturbed, even though this court may have reached a different decision. *Id.*

◼ The dissolution occurred on May 23, 1991. The court ordered Bruce to pay Elaine $500 per week "for the support of said children." *Record* at 62. Child support payments began on May 24, 1991, and were to continue "on each child until graduation from college." *Record* at 62. At the time of the agreement, Elaine had custody of each of the parties three children, who then ranged in age from thirteen to twenty.

Despite Elaine's contention that the $500 was in part maintenance, the settlement agreement and the court order clearly indicate that Bruce's weekly payments to Elaine were solely for child support. In addition, since none of the statutory conditions exist here, any maintenance payments to Elaine would directly contravene the statutory prohibition of court-ordered maintenance to a spouse. *See* IND.CODE 31-1-11.5-9(c) and IND.CODE 31-1-11.5-11(e).

In 1992, when petitioning the trial court for modification of the support order, Bruce presented evidence that since the agreement, Elaine was employed on a full-

time basis significantly increasing her seasonal income, while his income had significantly declined. On the basis of changes in relative financial resources of both parents alone, this court has found no abuse of discretion in a trial court's modification of a support order. *Carlile v. Carlile* (1975), 164 Ind.App. 615, 617, 618, 330 N.E.2d 349, 351.

The evidence revealed other substantial and continuing changed circumstances which buttress the trial court's decision to modify the support order. The record reveals that at the time of Bruce's petition, the oldest son, Scott Kirchoff, had turned twenty-one and had not lived with Elaine for almost one year. The middle child, Julie Kirchoff, had been living with Bruce, who had assumed total financial responsibility for her for almost five months. Bruce will continue total responsibility for Julie who plans to attend college and to reside with Bruce during vacation periods. Jason Kirchoff, the youngest child, is now the only child in Elaine's care and custody. Bruce continues to provide suitable clothing, extracurricular activity fees, and college expenses, including room and board.

Based on the substantial and continuing changed circumstances presented above, the trial court's decision to modify the support order was not an abuse of discretion. Therefore, we affirm the trial court's modification of the support agreement.

## II. *Contempt*

■ Elaine also argues the trial court erred in failing to hold Bruce in contempt for his unilateral reduction in child support payments. All orders contained in a dissolution decree may be enforced by contempt or any other remedies available for the enforcement of a court order. IND.CODE 31–1–11.5–17(c); *Chapman v. Chapman* (1987), Ind.App., 512 N.E.2d 414, 418. We will reverse the trial court's refusal to hold Bruce in contempt only upon a showing of an abuse of discretion in the trial court's determination that Bruce did not willfully disobey the support order. *See Whitman v. Whitman* (1980), Ind.App., 405 N.E.2d 608, 610. Under this standard, Elaine must

show there is no evidence supporting the trial court's determination. *Id.* at 614.

■ Where a parent is ordered to pay a specified sum of undivided support for more than one child, the parent must pay that amount until the support payments are modified by court order or all of the children are emancipated or reach the age of twenty-one years.[3] IND.CODE 31–1–11.5–12(d); *Brown v. Brown* (1991), Ind. App., 581 N.E.2d 1260, 1263; *Whitman, supra,* at 611.

■ Under the above precedent, child support to the two minor children, Julie and Jason, automatically increased when Bruce's legal obligation to support Scott terminated upon Scott's emancipation on December 7, 199. Bruce was required to continue paying Elaine $500 in child support until he petitioned the court and the court determined modification was proper. *See Kaplon v. Harris* (1991), Ind., 567 N.E.2d 1130, 1132.

■ Although modification due to emancipation can be effective as of the date of emancipation under *Donegan v. Donegan* (1992), Ind., 605 N.E.2d 132, 133, if one or more unemancipated children are also covered by the support order, the obligated parent's duty to support the remaining minor children according to the terms of the original support order continues, even after emancipation of one or more of the children, until the parent's duty to support the minor children is modified by the trial court. *Ross v. Ross* (1979), Ind.App., 397 N.E.2d 1066, 1069–70. Therefore, as long as there remains one unemancipated minor child, the parent is required to make support payments in the manner, amount, and at the times required by the original child support order. *Id.* If a parent desires a reduction of the undivided support order as children become emancipated, the parent must petition the trial court to modify its original order. *Id.*

■ Therefore Bruce was required to support Julie and Jason under the terms of the original support order ($500 per week) at least until he petitioned the trial court to

---

3. "Emancipation" occurs when a minor child is no longer in the care, custody, and control of

either parent. *Brown v. Brown* (1991), Ind. App., 581 N.E.2d 1260, 1263.

modify its original order on August 14, 1992. We note, however, that the trial court has the discretion to make an order modifying support payments effective either at or any time after the filing of the modification petition. *Donegan, supra,* n. 1.

 Bruce's reduced weekly payments of $334 from May 14, 1992, through September 14, 1992, the date of the modification order, were $166 per week short of the $500 per week original support order. Under the above precedent, the trial court incorrectly determined Bruce's support shortage for Julie and Jason, arrearages resulting from Bruce's unilateral reduction in support payments during the seventeen-week period from May 14, 1992, through September 14, 1992. We remand for the trial court to calculate Bruce's support arrearages based on a shortage of $166 per week from May 14, 1992, through either the date of the filing of the modification petition or any time after the filing.

To avoid being held in contempt, Bruce had the burden of showing that his reduction in payments to Elaine from $500 to $334 per week for support of the two minor children was not a willful violation of the court order or was otherwise excused. *See Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279, 1284. Evidence that Bruce did care for and support the children while in his custody and while not in Elaine's custody supports the trial court's conclusion that Bruce's failure to comply with the specific terms of the court order was not willful disobedience of its terms. *Whitman, supra,* at 614.

Therefore, the trial court could reasonably conclude that Bruce's failure to comply with the child support order was not willful disobedience of its specific terms, and thus, the trial court did not abuse its discretion in not holding Bruce in contempt.

Judgment affirmed and remanded.

ROBERTSON and FRIEDLANDER, JJ., concur.