**In re the Marriage of Karen J. HUFFMAN, Appellant–Petitioner,**

v.

**Carl A. HUFFMAN, Appellee–Respondent.**

**No. 60A01–9304–CV–142.**

Court of Appeals of Indiana,
First District.

Nov. 16, 1993.

Rehearing Denied Jan. 13, 1994.

George B. Mathes, Spencer, for appellant-petitioner.

Robyn L. Moberly, Hebenstreit & Moberly, Indianapolis, for appellee-respondent.

BAKER, Judge.

Today we decide whether a trial court may increase visitation and order transportation when the custodial parent moves. Karen Huffman appeals an order modifying visitation and denying her motion to correct error.

## ISSUES

She raises several issues which we restate as:

I. Did the trial court err in refusing to dismiss Carl Huffman's petition for modification?

II. Did the trial court abuse its discretion by expanding Carl's summer visitation rights?

III. Does requiring Karen to undertake the same transportation responsibilities as Carl, make the visitation order unconstitutional?

## FACTS

On August 23, 1985, the Owen Circuit Court dissolved Karen and Carl Huffman's marriage. The concomitant custody order provided that the parties would share joint legal custody, and Karen would have physical custody of their children. The order also provided that Karen would receive sole legal custody if either she or Carl moved more than five miles from Greencastle, Indiana. The trial court ordered a visitation schedule, Record at 36, which it modified at least once, in 1986. Record at 56.

In June 1992, Carl learned that Karen was moving to Mount Vernon, Indiana, which is approximately one hundred seventy-five miles away from Greencastle. On July 1, 1992, Carl filed a petition for custody modification.

The trial court denied Karen's motion to dismiss Carl's petition for failure to state a claim upon which relief may be granted. The trial court entered an order giving Karen sole custody of the minor children, and increasing Carl's visitation. However, Carl would be responsible for picking up the children for visitation, and Karen would be responsible for the children's return after visitation with Carl. Karen filed a motion to correct error, which the trial court denied. She now appeals.

## DISCUSSION AND DECISION

### I. Motion to Dismiss

Karen argues that Carl's petition fails to state a claim upon which relief may be granted. In her motion to dismiss, Karen proposes that a change in the custodial parent's residency alone does not warrant a custody modification. She relies solely upon *Lamb v. Wenning* (1991), Ind.App., 583 N.E.2d 745, *rev'd* (1992), Ind., 600 N.E.2d 96.

The test we apply when ruling on an Ind.Trial Rule 12(B)(6) motion that raises the defense of failure to state a claim upon which relief may be granted is whether, in the light most favorable to the non-moving party and with every intendment regarded in the non-moving party's favor, the com-

plaint is sufficient to constitute any valid claim. *Impink v. City of Indianapolis* (1993), Ind.App., 612 N.E.2d 1125, 1127 (citing *Anderson v. Anderson* (1979), Ind. App., 399 N.E.2d 391, 406).

Our supreme court has determined that "[a] move far away will significantly impact the relationship between the child and the parent without physical custody and severely hamper active participation of such parent in the child's upbringing." *Lamb v. Wenning* (1992), Ind., 600 N.E.2d 96, 99.

Paragraph three of Carl's petition to modify reads as follows:

That the petitioner has filed notice of intent to remove the minor Children in excess of one hundred (100) miles from their county of residence and, therefore, there has been a substantial and continuing change in making the prior Orders of this Court unreasonable.

Carl's petition is sufficient on its face to establish a claim for relief and the trial court therefore correctly denied Karen's motion to dismiss.

In her briefs, Karen asserts reasons to dismiss Carl's petition to modify custody not raised in her motion to dismiss. She argues that because Carl's petition mentioned "custody" and not "visitation," that she was unfairly surprised when visitation issues arose. Furthermore, she argues that because the original custody decree provided for visitation in the event one or both parties moved, the law of the case prevents Carl from seeking a modification.

■ A party may not raise issues on appeal not raised in a motion to dismiss. *See Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190 (appellate court faces same issues as trial court). Notwithstanding waiver, we will address Karen's claims. A trial court may modify visitation if it is in the best interests of the children. IND.CODE 31-1-11.5-24(b). If Carl can make such a showing, the trial court may order a visitation modification regardless of previous visitation orders. *Fox v. Fox* (1984), Ind. App., 466 N.E.2d 789, 791, *trans. denied.*

■ The original custody orders included visitation provisions. Thus, Karen had notice that a change in custody arrangements may involve changes in visitation. Visitation is inextricably linked to custody, and a change in custody will often necessitate a change in visitation. *See State ex rel. Jemiolo v. LaPorte Circuit Court* (1982), Ind., 442 N.E.2d 1060, 1062. Carl's petition alleged that the previous custody order had become unreasonable, and therefore stated a valid claim. The trial court did not err in refusing to dismiss his petition.

## II. Visitation

### A. Law of the Case

■ Based upon a law of the case theory, Karen argues that because the original custody order provided for the contingency of one or both parties moving, the original custody decree covers her current departure from Greencastle. A judgment, even if erroneous, nevertheless becomes the law of the case and binds the parties if no appeal is taken therefrom. *Oviatt v. Behme* (1958), 238 Ind. 69, 77, 147 N.E.2d 897, 901-02.

■ Visitation, however, is always subject to modification. *Fox* at 791. Either party may petition for modification, even if the changes sought were previously addressed. The law does not preclude the trial court from modifying visitation.

### B. Abuse of Discretion

Karen argues that the trial court abused its discretion in modifying the visitation schedule. She argues that there was no showing that it was in the children's best interest to spend additional time with Carl.

■ A trial court may modify a custody arrangement only upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable. *Richardson v. Morgan*, 622 N.E.2d 178, 179-180 (1993); I.C. 31-1-11.5-22(d). However, a lesser standard governs changes in visitation. A trial court may change visitation when such

change is in the childrens' best interests. I.C. 31–1–11.5–24(b).

We reverse changes in visitation only for manifest abuse of discretion. *Pennington v. Pennington* (1992), Ind. App., 596 N.E.2d 305, 306, *trans. denied.* We do not reweigh evidence or reassess witness credibility, and we consider only evidence which supports the trial court's decision. *Id.* The trial court entered consolidated findings and conclusions in its order, therefore we will affirm any of the trial court's conclusions for which there is a factual basis. *Marshall County Redi–Mix, Inc. v. Matthew* (1984), Ind., 458 N.E.2d 219, 221.

Karen suggests there is no evidence in the record that the new visitation order is in the childrens' best interests. We disagree. The record shows that Carl lost a significant amount of visiting time as a result of his having to travel much farther to pick up the children. There was also testimony that Carl could make up lost visitation time during the summer months when the children could have extended stays with him. Record at 116. The record also indicates that Carl could supervise the children better than Karen during the summer. Record at 116–17. Consequently, extended summer stays enhance the quality time available for the children to spend with Carl. The evidence is sufficient to establish the increase in the amount of Carl's summer visitation is in the childrens' best interest.[1]

To overturn the trial court we would have to reweigh evidence, which we will not do. *Pennington* at 306. The trial court did not abuse its discretion.

### III. Equal Protection and Transportation

Karen argues that requiring her to return the children from visitation is an invidious gender-based discrimination. She argues that in the new visitation order "the physically much larger and stronger male well established in his profession and chosen employment, is in fact favored over [Karen], the shorter and physically weaker female who is just beginning to establish herself in her profession and chosen employment." Appellant's Brief at 18.

> The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Of course, most laws differentiate in some fashion between classes of persons. The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant aspects alike.

*Nordlinger v. Hahn,* — U.S. —, —, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992). The Supreme Court has decided that laws concerning and incidental to divorce may not explicitly discriminate based on gender, even if the stereotype upon which the discrimination is based has some factual basis. *See generally Orr v. Orr,* 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979).

Karen complains that although the new visitation order imposes the same transportation burdens upon her as it does upon Carl, she is less able to comply with the order because she is weaker. Her argument, in fact, admits that the trial court's order treats her equally. She has not shown an equal protection violation.

We presume the trial court followed the law and made all proper considerations in the exercise of its discretion. *Kyle v. Kyle* (1991), Ind.App., 582 N.E.2d 842, 849, *trans. denied.* We also exercise

---

1. Karen suggests that the maximum six week summer visitation provided in the Putnam County Revised Visitation Guidelines precludes a court from ordering such visitation in excess of six weeks. Appellant's Brief at 19. She ignores the fact that the Revised Guidelines also state "[t]hey are not etched in stone, they are intended to be flexible to meet the varied circumstances of the parents and children." Be-cause the children became accustomed to living near their father and enjoying frequent visitation is sufficient reason for departure from the guidelines when their mother moves them away. *Cf. Pierce v. Pierce* (1993), Ind.App., 620 N.E.2d 726, 731 (party responsible for change in custodial arrangements may properly suffer consequences of that change).

"preference for granting latitude and deference to our trial judges in family law matters." *Richardson*, 622 N.E.2d at 178. Therefore, we do not find the trial court's order requiring Karen to share the transportation burden unconstitutional or an abuse of discretion. *See In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, 650–51 (within trial court's discretion to modify transportation arrangements).

## CONCLUSION

Carl's petition was sufficient to survive a motion to dismiss. The trial court did not abuse its discretion in expanding Carl's visitation. The trial court also did not abuse its discretion in making Karen responsible for return transportation from visitation.

Judgment affirmed.

ROBERTSON and BARTEAU, JJ., concur.