**In re Marriage of Yon Maxwell BECKLER, Appellant–Respondent,**

v.

**Diane Louise Beckler HART, Appellee–Petitioner.**

No. 02A03–9410–CV–395.

Court of Appeals of Indiana.

Feb. 12, 1996.

---

Dennis L. Rorick, Fort Wayne, for Appellant.

Pamela Carter, Attorney General, Frances Barrow, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Yon Maxwell Beckler (Beckler) appeals from the granting of his petition to declare his child emancipated. The facts relevant to this appeal are summarized below.

On February 25, 1980, the Allen County court issued a decree dissolving the marriage of Beckler and Diane Louise Beckler Hart (Hart). Hart was granted custody of their minor child, and Beckler was ordered to pay child support in the amount of $31.50 per week. On or about January 22, 1992, pursuant to a wage withholding order, Beckler's employer was ordered to withhold from his pay $51.50 per week, $31.50 for child support and $20.00 to be applied to an arrearage of $6,342.00.

Beckler filed a petition to declare the child emancipated and to apply support paid after the date of emancipation to the arrearage on June 21, 1994. After a hearing, the trial court entered an order which found the child was emancipated having removed herself from her custodial parent Hart's residence in April of 1993. The court also ordered the support order terminated, effective June 21, 1994, the date Beckler had filed his petition. Beckler now appeals.

The sole issue raised on review is whether the trial court, upon the granting of his petition to declare the child emancipated, erred in holding Beckler's support obligation terminated as of the date the petition was filed, rather than the date the child was found to have been emancipated.

 Duties of proper child support are committed to the trial court's sound discretion and will be disturbed only for an abuse of that discretion or if contrary to law. *Olson v. Olson*, 445 N.E.2d 1386, 1388 (Ind.Ct. App.1983). Emancipation terminates the obligation of the noncustodial parent to support the child and frees the child from the care, custody, and control of his or her parents. *Brown v. Brown*, 581 N.E.2d 1260, 1263, n. 1 (Ind.Ct.App.1991). What constitutes emancipation of a minor child is a question of law, but whether there has been an emancipation is a question of fact. *Free v. Free*, 581 N.E.2d 996, 997 (Ind.Ct.App.1991). As a general rule, the obligated parent's duty to support a child ceases upon the happening of one of two events: 1) the child's emancipation while yet a minor; or 2) upon the child reaching the full age of 21 years. *Brown*, 581 N.E.2d at 1263.

IND.CODE § 31–1–11.5–12(d) (1993 Ed.) provides conditions for emancipation and further provides "child support terminates upon the court finding that the conditions prescribed in this subdivision exist[.]" *See In re Marriage of Johnson*, 625 N.E.2d 1331, 1333–1334 (Ind.Ct.App.1993). In the present case, the trial court explicitly found that the child was fully self-supporting; had removed herself from the Hart's residence in April of 1993; and had not been under the care or control of either parent since that time. Neither party disputes the fact that the child has been emancipated since April 20, 1993.

 Beckler asserts that the trial court abused its discretion in ordering he was obligated to continue child support payments up to the date the petition was filed, rather than the actual date the child became emancipated. Relying on IND.CODE § 31–2–11–12 (1993 Ed.), Hart counters that using the date of emancipation, rather than the date the petition was filed, would constitute an imper-

missible retroactive modification of an obligor's duty to make child support payments.

In *Donegan v. Donegan*, 605 N.E.2d 132 (Ind.1992), our supreme court stated that unlike a claim of change of circumstances requiring modification of child support, an assertion of emancipation is deemed effective as of the date of emancipation, rather than the date of filing. *Id.* at 133. The court further noted that terminating a parental support obligation due to emancipation of a minor child does not constitute an impermissible retroactive modification of a support order. *Id.; Ross v. Ross*, 397 N.E.2d 1066, 1069 (Ind.Ct.App.1979) (emancipation terminates legal force of the support order by terminating the parental obligation and is, therefore, not contrary to case law requiring modifications to be prospective); *see also Kirchoff v. Kirchoff*, 619 N.E.2d 592, 596 (Ind.Ct.App.1993) (although modification of child support order due to child's emancipation can be effective as of the date of emancipation, if one or more unemancipated children are also covered by the support order, obligated parent's duty to support the remaining minor children according to terms of original support order continues in same manner, amount, and time required by the original order until the parent's duty to support unemancipated children is modified by the trial court). Thus, the trial court abused its discretion in concluding that Beckler was obligated to continue his support payments after the date of the child's emancipation.

 Additionally, as Beckler recognizes, support payments made after the date of emancipation constitute an overpayment of support. A child support overpayment cannot be applied prospectively to support not due at the time of the overpayment. *Holy v. Lanning*, 552 N.E.2d 44, 45 (Ind.Ct.App. 1990). However, the rationale for this rule is totally inapplicable to an arrearage that exists at the time of the overpayment. As explained by this Court:

"A rule which failed to credit overpayments against an existing arrearage would create a disincentive for obligated parents to voluntarily fulfill their delinquent child support obligations. It would be benefit no one to require a judicial proceeding

reducing the arrearage to judgment before the obligated parent could be credited for payments against the arrearage. Furthermore, the only reasonable inference from an overpayment, standing alone and made at the time an arrearage exists, is that it is a payment on the arrearage."

*Id.* at 46 (non-custodial parent entitled to have child support overpayments credited against his pre-existing child support arrearage); *cf. Olson,* 445 N.E.2d at 1389 (child support payments not required for the benefit of children must be considered a gratuity or a voluntary contribution; they should not be considered a prepayment of the support obligation nor should they be credited against arrearage due with respect to *other* children). In the present case, any overpayment of support should be credited only against any *pre-existing* child support arrearage Beckler may have accrued as of the date of the child's emancipation. The judgment of the trial court is reversed and remanded with instructions to terminate the support order as of the date the child was found to be emancipated and to apply the overpayment to Beckler's support arrearage.

Reversed and remanded.

CHEZEM, J., concurs.

STATON, J., concurs with opinion.

STATON, Judge, concurring.

I concur with the Majority, but I feel that it should be emphasized that the principle of law enunciated here applies only to a similar factual posture. Here, there was one child under a support order—not several. The child was emancipated and the obligation to support automatically suspended as of the date of emancipation. The date of emancipation is a question of fact which may be disputed. It is far better to have the support order terminated by a court rather than leaving it to happenstance.

Too, if several children are covered by the support order, the date of emancipation for one of the several children does not terminate the obligation of support as it does in the case of the single child support order. When one of several children covered by a support order is emancipated, the obligated party under the support order must petition for a modification to reduce the amount of the support obligation. Otherwise, there is no relief for what would be an overpayment. *Kirchoff v. Kirchoff,* 619 N.E.2d 592, 596 (Ind.Ct.App.1993).