**Gilbert SUMMERVILLE, Appellant–Respondent,**

**v.**

**Melanie SUMMERVILLE nka/Melanie Cravens, Appellee–Petitioner.**

No. 28A01–9702–CV–59.

Court of Appeals of Indiana.

May 16, 1997.

Daniel M. Mills, Bloomington, for Appellant–Respondent.

Michael L. Carmin, Robert T. Drew, Andrews, Harrell, Mann, Chapman & Coyne, Bloomington, for Appellee–Petitioner.

## OPINION

ROBERTSON, Judge.

Gilbert Summerville [Father] appeals certain post-dissolution orders entered which pertain to the two children born of his marriage to Melanie Cravens [Mother]. Father raises three issues. We affirm in part and reverse and remand in part.

### FACTS

The facts in the light most favorable to the trial court's judgment reveal that Father and Mother are the parents of a boy born August 23, 1977 [Son], and a girl born September 16, 1982 [Daughter]. The parents were divorced in 1990. Mother was awarded custody of the children subject to Father's reasonable visitation, and Father was ordered to pay a specified sum of undivided support for both children.

Father and Son had a falling out in 1994, and Son has not visited with Father since

that time. Son graduated from high school in May of 1995 and has not attempted to obtain any further education. Son turned eighteen years-old on August 23, 1995. Except for short periods of unemployment, Son has worked full-time since graduating from high school. Son refused to honor Father's discovery requests or the trial court's discovery orders resulting in the delay of these proceedings. Father has had visitation with Daughter on alternating weekends, every other holiday, and two full weeks in the summer.

On April 11, 1996, Father filed the instant petition seeking to have Son declared emancipated and the child support obligation adjusted accordingly. Father also requested the trial court to order an increase in his visitation with Daughter. Trial was held on October 17, 1996. The trial court interviewed Daughter in chambers. On October 30, 1996, the trial court entered an order declaring Son emancipated effective as of that date. The trial court denied Father's request to increase visitation with Daughter. This appeal ensued. Additional facts are supplied as necessary.

## DECISION

### I.

### *Emancipation—Date that Support Terminates*

Father argues the trial court erred in ordering Son emancipated effective the date it entered its judgment, October 30, 1996, asserting that Son's circumstances have not changed since his eighteenth birthday. Father argues that the trial court should have ordered Son's emancipation retroactive to his eighteenth birthday, or in the alternative, to the date Father filed his petition. Mother does not challenge the trial court's judgment that Son was emancipated but argues that the date chosen for Son's emancipation was an appropriate exercise of the trial court's discretion.

■ A successful assertion of emancipation will be deemed effective as of date of emancipation, rather than of date of filing of petition. *Donegan v. Donegan*, 605 N.E.2d

132, 133 (Ind.1992). Thus, where there have been no material changes in the facts and circumstances relevant to the issue of emancipation, the trial court's finding that a child is emancipated as per a certain arbitrary date, and not before, is clearly erroneous. *Id.* at 134. Where only one child is subject to a support order, the trial court abuses discretion in requiring the obligor parent to continue making payments beyond the actual date of the child's emancipation, regardless of when the obligor parent petitioned for relief. *Beckler v. Hart*, 660 N.E.2d 1387, 1389 (Ind.Ct.App.1996). In *Beckler*, we held the trial court abused discretion by requiring the father to make payments until the date the Father filed his petition which, based on a static set of circumstances, was beyond the actual date of the daughter's emancipation. *Id.* Judge Staton concurred noting:

> if several children are covered by the support order, the date of emancipation for one of the several children does not terminate the obligation of support as it does in the case of the single child support order. When one of several children covered by a support order is emancipated, the obligated party under the support order must petition for a modification to reduce the amount of the support obligation.

660 N.E.2d at 1390 (Citing *Kirchoff v. Kirchoff*, 619 N.E.2d 592, 596 (Ind.Ct.App.1993)). In *Kirchoff*, we noted that a father who paid a specified sum of undivided support for multiple children was obligated to pay the amount ordered at least until he petitioned the court for relief. *Id.* at 596–97. The present case involves the circumstances anticipated by Judge Staton in *Beckler*. *See* 660 N.E.2d at 1390.

■ In the present case, Father was paying an undivided sum for child support for more than one child. There have been no material changes in the facts and circumstances relevant to the issue of Son's emancipation since the date Father filed his petition, April 11, 1996. Thus, under the authorities cited above, we hold that Father's obligation to pay support for Son terminated as of that date. Therefore, we reverse and remand with instructions that the

trial court order its modified child support order effective retroactive to April 11, 1996.

## II.

### Child Support

■ A trial court's calculation of child support obligations pursuant to the child support guidelines is presumptively valid. *Marmaduke v. Marmaduke*, 640 N.E.2d 441, 443 (Ind.Ct.App.1994), *trans. denied.* The party seeking deviation from the guideline amount carries the burden of demonstrating that the guideline amount is unjust or inappropriate under the existing circumstances. *Id.* Reversal of a trial court's child support order is merited only where the trial court's determination is clearly against the logic and effect of the facts and circumstances. *Kinsey v. Kinsey*, 640 N.E.2d 42, 43 (Ind.1994). On the appellate review of a child support order, weight and credibility issues are disregarded and only the evidence and reasonable inferences favorable to the judgment are considered. *Id.* at 43–44. Judges are advised to avoid the pitfall of blind adherence to the computation of support without giving careful consideration to the variables that require changing the result in order to do justice. *Id.*

■ Father asserts the trial court erred in setting the modified child support order pertaining to Daughter. Father works for the U.S. Navy which is required to deduct money from his paycheck for "Mandatory Civil Service Withholding" which goes to pay for his anticipated civil service retirement benefits. Father argues that this deduction, along with all the taxes deducted, reduces his available income by 30%. Therefore, Father argues that, since Guideline 1 of the Indiana Child Support Guidelines assumes a 21.88% tax rate, the trial court should have granted him a deviation from the presumptive guideline amount. Father concedes that the civil service deduction is not a tax in the traditional sense.

Father's civil service deduction is simply a form of forced saving which will benefit him in the future. We cannot conclude that the trial court was required to lower Father's child support obligation on this basis.

■ Father also argues that the trial court should have given him the 10% reduction in child support for the regular visitation he exercises with Daughter as contemplated by the commentary of Child Supp. G. 6, which reads:

The computation of support under the Guidelines does not take into consideration credit for time the child(ren) spend with the noncustodial parent during regular visitation. If visits occur on alternate weekends, as is customary to many court orders, the noncustodial parent bears the costs associated with child rearing two (2) days of every fourteen (14) days, or 14.3% of the time. Taking into account the ongoing costs in the custodial home, *it is recommended* that support be reduced by up to ten percent (10%) per week in situations where the noncustodial parent regularly exercises alternate weekend visitation. Presumably the noncustodial parent would then have additional discretionary income to spend on the needs of the child(ren) while visiting.

In addition to the economic aspects of visitation, a high value should be placed on visitation between the child(ren) and the noncustodial parent. In the vast majority of cases, Maintaining a close relationship and frequent contact between the child(ren) and both parties is recognized as being in the best interest of the child. Therefore, courts should consider deviation from the Guideline when it will encourage visitation.

*It is not recommended, however, that a reduction of ten percent (10%) simply be given in each support order.* The court should assure itself through evidence presented that the visitation will occur on a regular basis. Further if support is set at a minimal amount, such a reduction in the support order could jeopardize the custodial parent's ability to support the child(ren).

(Emphasis added). The ten-percent reduction for regular visitation is not mandatory, but is left to the discretion of the trial court. *Skinner v. Skinner*, 644 N.E.2d 141, 147 (Ind.Ct.App.1994).

■ In the present case, the evidence demonstrates that Mother nets approximate-

**1348**

ly $275.00 per week. Under the circumstances, we cannot conclude that the trial court abused its discretion by denying Father the 10% reduction for regular visitation. *See id.* Therefore, we find no error.

### III.

#### *Visitation*

Father argues the trial court abused discretion by not granting him more visitation with Daughter. Father argues that more extensive visitation would be in Daughter's best interest because it would enable her to maintain a strong, healthy relationship with her father.

In crafting an order pertaining to child custody or visitation, the paramount concern is the best interest of the child. *Sills v. Irelan,* 663 N.E.2d 1210, 1213 (Ind. Ct.App.1996). A trial court may modify visitation when such change is in the child's best interest. *Huffman v. Huffman,* 623 N.E.2d 445, 448–49 (Ind.Ct.App.1993), *trans. denied;* Ind.Code 31–1–11.5–24(b). A court's order concerning visitation will be reversed only for a manifest abuse of discretion. *Id.* at 449. On review, we will not reweigh evidence or reassess witness credibility, and we consider only the evidence which supports the trial court's decision. *Id.* We grant latitude and deference to the trial court in family law matters. *Id.* at 450.

The trial court interviewed Daughter in chambers to discuss Father's request for increased visitation. Father failed to carry his burden of demonstrating that Daughter's best interest would be served by a modification in visitation. We cannot conclude that the trial court abused discretion in denying Father's request. Therefore, we find no error.

### CONCLUSION

We reverse and remand with instructions as outlined in Issue I. In all other respects, we affirm.

BAKER and GARRARD, JJ., concur.