**In re the GUARDIANSHIP OF K.T., Minor Child.**

**Phillip E. Carothers and Shirley D. Carothers, Appellants–Petitioners,**

v.

**Richard O. Rose, Appellee–Respondent.**

No. 50A03–0007–CV–248.

Court of Appeals of Indiana.

Jan. 31, 2001.

Debra Voltz–Miller, South Bend, IN, Attorney for Appellant.

Peter L. Rockaway, Plymouth, IN, Attorney for Appellee.

## OPINION

ROBB, Judge

Phillip and Shirley Carothers appeal from the trial court's order modifying their visitation with K.T., who is the grandchild of Shirley Carothers. We affirm.

### Issues

The Carothers present three issues for our review, which we restate as:

1. Whether Richard Rose, K.T.'s natural father and custodial parent, had standing to petition the trial court to modify their visitation;

2. Whether the trial court had jurisdiction of this case to enter an order modifying their visitation when the guardianship pursuant to which visitation had been ordered was closed; and

3. Whether the trial court had the authority to modify the visitation order.

## Facts and Procedural History

K.T. was born to Jessica Thomas on November 29, 1997. Shirley Carothers is Jessica's mother. Jessica and K.T. resided with the Carothers from the time of K.T.'s birth. In July 1998, Jessica left K.T. with the Carothers and left Indiana. In August 1998, the Carothers petitioned the Marshall Superior Court for appointment as guardians of K.T. Jessica consented to the guardianship, and the Carothers were appointed K.T.'s guardians in September 1998.

In October 1998, paternity of K.T. was established in Rose by an order entered in Marshall Circuit Court. Thereafter, a petition was filed in the guardianship by the Carothers seeking child support from Rose. Rose also filed a petition in the guardianship seeking visitation with K.T. Support and visitation orders were issued in the guardianship proceeding.

In May 1999, Rose petitioned to terminate the guardianship proceeding and assume custody of K.T. The petition to terminate was denied at that time, "subject to review by the Court at a later date." R. 99. At a review hearing in November 1999, the trial court terminated the Carothers' guardianship of K.T. and placed her in the custody of Rose. The trial court also made an order regarding the Carothers' visitation rights with K.T. R. 108–09.

In May 2000, Rose filed, in the court which had conducted the guardianship proceedings and under the guardianship cause number, a petition to modify the Caroth-

ers' visitation as set forth in the trial court's November 1999 order. Pursuant to this petition, the Carothers' visitation was subsequently modified to reduce the time the Carothers were able to exercise visitation with K.T. The Carothers now appeal.

## Discussion and Decision

### I. Standing

The Carothers contend that Rose did not have standing to petition to modify their visitation because his reason for seeking the modification was that Thomas, K.T.'s mother, had recently reentered her life, and in giving time to K.T. and Thomas for visitation and then observing the trial court's visitation order regarding the Carothers, his time with K.T. was being compromised. As the Carothers correctly note, "standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit," *Collard v. Enyeart*, 718 N.E.2d 1156, 1159 (Ind.Ct.App.1999), *trans. denied*, and "focuses generally upon the question whether the complaining party is the proper person to invoke the Court's power." *Pence v. State*, 652 N.E.2d 486, 488 (Ind.1995) (quoting *City of Indianapolis v. Board of Tax Comm'rs*, 261 Ind. 635, 638, 308 N.E.2d 868, 870 (1974)).

As K.T.'s custodial parent, Rose is, indeed, the proper person to invoke the trial court's power to modify the visitation arrangements regarding K.T. Rose was not, as the Carothers allege, petitioning the court on Thomas' behalf. Visitation arrangements between Thomas and K.T. had been addressed in the paternity cause of action. Although the reason for Rose's request may have ultimately involved Thomas, he was in fact seeking relief on his own behalf, and therefore, did have standing to raise the issue of modification.

### II. Jurisdiction of the Case

The Carothers also contend that the trial court lacked jurisdiction of this case because the guardianship, pursuant to

which their visitation had been granted, was closed. There are three types of jurisdiction: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. *Adler v. Adler*, 713 N.E.2d 348, 352 (Ind. Ct.App.1999). Subject matter jurisdiction refers to the power of a court to hear and decide a particular class of cases. *Id.* When a court lacks subject matter jurisdiction, its actions are void ab initio and have no effect whatsoever. *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind.2000). A judgment entered by a court that lacks subject matter jurisdiction is void and may be attacked at any time. *Neese v. Kelley*, 705 N.E.2d 1047, 1051 (Ind.Ct.App.1999). Where lack of subject matter jurisdiction in the original tribunal is apparent from the record, it is the duty of the reviewing court to raise and determine the issue *sua sponte*. *Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1227 n. 8 (Ind.2000). By contrast, jurisdiction of the case refers to the trial court's right, authority, and power to hear and decide a specific case within the class of cases over which a court has subject matter jurisdiction. *Sanders v. Carson*, 645 N.E.2d 1141, 1145 (Ind.Ct.App.1995). A judgment rendered by a court which lacks jurisdiction of the case is voidable, and requires a timely objection, or the lack of jurisdiction over the case is considered waived. *Dixon v. Siwy*, 661 N.E.2d 600, 608 n. 10 (Ind.Ct. App.1996). Accordingly, a reviewing court is not obligated to raise *sua sponte* the issue of jurisdiction of the case. *Id.*

Although we do believe that the trial court lacked jurisdiction of this case due to the termination of the guardianship, any objection thereto has been waived. The trial court lost jurisdiction over this case when it closed the guardianship. There is no provision in the guardianship statute for a trial court's continuing jurisdiction over a closed guardianship. *See* Ind.Code §§ 29–3–1–1 *et seq.* The Carothers status with respect to K.T. once the guardianship was closed reverted to that of grandparents only, and without a proper petition for visitation pursuant to the Grandparent Visitation Act, *see* Ind.Code §§ 31–17–5–1 *et seq.*, the trial court erred in granting visitation privileges to the Carothers ancillary to a guardianship which was simultaneously closed. *See Matter of Guardianship of Green*, 525 N.E.2d 634, 636 (Ind.Ct. App.1988) (holding that the only circumstances in which a grandparent may seek visitation rights are those enumerated in the Grandparent Visitation Act).[1]

The Carothers arguably raised the issue of jurisdiction of the case at the modification hearing when their counsel stated, "[I]t's my understanding that the guardianship was terminated. Therefore, without reopening the guardianship I don't understand how any hearing of this nature could take place." R. 131. Nonetheless, the Carothers waived any objection to the trial court's exercise of jurisdiction over

---

1. In *Green*, the grandmother was appointed guardian of her grandchild because the mother was underage. When the guardianship was terminated after the mother turned eighteen, the trial court entered an order granting the grandmother visitation. Subsequently, the mother filed a motion to terminate the visitation order, which the trial court granted. The grandmother appealed, raising issues about both the termination of the guardianship and the termination of her visitation. This court held that the order terminating guardianship and granting visitation rights was a final appealable order, and because the grandmother failed to appeal that order, any issues relating to termination of the guardianship were no longer reviewable. Thus, although it may appear on the face of it that *Green* supports the simultaneous termination of a guardianship and grant of visitation rights to the guardian, that issue was not actually before the court. Moreover, this court held in *Green* that the trial court properly set aside the visitation order altogether because it had not been made in compliance with the Grandparent Visitation Act. Because Rose did not seek any such relief from the trial court, we do no more herein than address the propriety of the trial court's modification; however, we, too, believe that the Grandparent Visitation Act was the exclusive vehicle through which the Carothers should have been granted visitation with K.T.

this case by failing to raise the issue at the earliest available opportunity: either by filing a motion to correct errors or initiating an appeal in this court with respect to the trial court's November 1999 order. We recognize that the Carothers had no incentive before now to raise the trial court's lack of jurisdiction with respect to the order granting them visitation with K.T. because up to now, the trial court's erroneous exercise of jurisdiction has worked in their favor. However, it would be incongruous to allow the Carothers to raise the issue only when it benefits them.[2] Accordingly, no appeal having been taken from the trial court's initial erroneous exercise of jurisdiction over this case, any objection thereto has been waived.

### III. Modification of Visitation

■ Finally, the Carothers contend that the trial court erred in modifying their visitation because "multiple sources of authority exist suggesting the proper result in this case is that the Carothers' visitation remains unchanged," Brief of Appellant at 8, citing the Grandparent Visitation Act, the De Facto Custodian statute, and third-party visitation cases.

■ We find the Carothers' position that their visitation could never be modified to be untenable. In crafting an order pertaining to child custody or visitation, the paramount concern is the best interest of the child. *Summerville v. Summerville*, 679 N.E.2d 1344, 1348 (Ind. Ct.App.1997). A trial court may modify visitation when such change is in the child's best interest. *Id.* *See also* Ind. Code § 31–17–5–7. Thus, child custody and visitation is always subject to modification.

■■ Moreover, as far as the record discloses, the Carothers never even petitioned for visitation; the trial court gratuitously entered a visitation order when closing the guardianship. Thus, none of the authority cited by the Carothers is directly applicable to this case, as neither the Grandparent Visitation Act, nor the De Facto Custodian statute, nor third-party visitation cases were relied upon in seeking or granting visitation to the Carothers. To the extent the Carothers are entitled to visitation with K.T. at all under the procedural circumstances of this case, modification of that visitation is not precluded. As stated above, the Grandparent Visitation Act, which would have been the appropriate vehicle for granting visitation provides that an order granting visitation rights may be modified whenever modification serves the best interests of the child. Ind. Code § 31–17–5–7. A court's order concerning visitation will be reversed only for a manifest abuse of discretion. *Summerville*, 679 N.E.2d at 1348. On review, we will not reweigh evidence or reassess witness credibility, and we consider only the evidence which supports the trial court's decision. *Id.*

In this case, the trial court heard evidence that a great many people apparently love K.T. and wish to be a part of her life. In balancing the competing interests of Rose, Thomas, Rose's parents (the paternal grandparents), and the Carothers, and faced with changed circumstances since the original visitation order was entered, the trial court determined that it would be appropriate to reduce K.T.'s court-ordered visitation with the Carothers. We cannot say that this was an abuse of discretion. We admire the Carothers' wish to be a part of K.T.'s life, and express our hope that the parties will continue what appears to be a spirit of cooperation in raising K.T. However, there are a finite number of hours in the day to be distributed among the various players, and the trial court did not err in reducing the number of hours of visitation to which the Carothers are entitled by court order in order to facilitate

---

**2.** We note that Rose also failed to perfect an appeal of the trial court's erroneous exercise of jurisdiction over this case. By failing to do so, and then by affirmatively seeking relief from the trial court, he, too, has waived any objection to the trial court's exercise of jurisdiction over this case.

Rose and Thomas establishing and/or maintaining a relationship with their daughter.

### Conclusion

Rose, as custodial parent, had standing to seek modification of the visitation order. Despite the trial court's lack of jurisdiction to enter a visitation order in a closed guardianship, any objection thereto has been waived. The trial court properly modified the Carothers' visitation with K.T. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

RILEY, J., and DARDEN, J., concur.