Zarko **SEKEREZ**, Plaintiff-Appellant,

v.

**SUPREME COURT OF INDIANA, et al.,**
**Defendants-Appellees.**

**Nos. 81–2198, 81–2251 and 82–1115.**

United States Court of Appeals,
Seventh Circuit.

Argued May 7, 1982.

Decided Aug. 9, 1982.

Rehearing and Rehearing In Banc
Denied Oct. 5, 1982.

Jeremiah S. Gutman, Levy, Gutman, Goldberg & Kaplan, New York City, for plaintiff-appellant.

Michael Schaefer, Asst. Atty. Gen., State of Ind., Indianapolis, Ind., for defendants-appellees.

Before SWYGERT, Senior Circuit Judge, COFFEY, Circuit Judge, and TEMPLAR,* Senior District Judge.

COFFEY, Circuit Judge.

This is a review of three district court decisions, consolidated on appeal, denying the plaintiff-appellant's motion for an order to show cause and petition for a preliminary injunction, and granting the defendant-appellee's motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). Affirmed.

Zarko Sekerez, a member of the Indiana bar and the plaintiff-appellant herein, brought this action under 42 U.S.C. §§ 1983 and 1985(3), seeking to enjoin the Indiana Supreme Court's Disciplinary Commission from proceeding against him. In his complaint, the appellant challenged the constitutionality of the disciplinary rules arguing that these rules abrogate his first amendment right of free speech as well as his equal protection and due process rights under the fourteenth amendment. The appellant further alleged that the individually-named defendants[1] violated 42 U.S.C. § 1985(3) by conspiring to selectively enforce the disciplinary rules of the Indiana Code of Professional Responsibility against him and thus destroy his legal clinic business.

The plaintiff operates 11 legal clinics in central and northern Indiana, and employs 16 licensed attorneys and 18 secretaries. On August 29, 1980, the Executive Secretary of the Indiana Supreme Court's Disciplinary Commission filed with the Clerk of the Supreme Court of Indiana a complaint supporting disciplinary action against the plaintiff. In support of its complaint, the Commission alleged that the appellant herein engaged in the following professional misconduct in violation of Indiana Admission and Disciplinary Rule 1–101 *et seq.*: (1) knowingly failed to appear at a court hearing on a client's petition to remove a minor child. The plaintiff failed to appear even though he was aware that the hearing was scheduled for that day and even though the court record reveals that after he failed to appear the plaintiff's clinic was notified by phone that the hearing was being held; (2) untimely withdrew his representation of another client and as a result the client had his paycheck garnished and was forced to hire another attorney to obtain relief from the garnishment order. Further, the appellant thereafter refused to give the client

---

* The Honorable George Templar, Senior District Judge of the United States District Court for the District of Kansas, sitting by designation.

1. In his complaint, the appellant named all members of the Indiana Supreme Court, as well as the Clerk of the supreme court and the members and executive secretary of the Disciplinary Commission.

the client's file; (3) falsely advertised "free initial consultation" in that the client did not consult with a lawyer during the initial conference but rather dealt with a non-lawyer, the appellant's receptionist. Further, a partial fee of $114 was charged and collected for the initial conference. In this same divorce proceeding, the appellant is alleged to have participated in the use of a non-lawyer, law student,[2] to give legal advice to the divorce client; (4) the appellant agreed to file a divorce action and failed to promptly do so; (5) the failure to carry out a contract of employment in a personal injury suit by failing to meet with his client and then untimely withdrawing from representation to the prejudice of the client in that the client's personal injury lawsuit was dismissed with prejudice after the withdrawal by Sekerez; and (6) engaging in the practice of law under trade names. In response to the filing of the complaint and the appointment of a hearing officer by the Supreme Court of Indiana, the appellant filed his answer denying the allegations.

The Disciplinary Commission filed a Petition for Rule to Show Cause, entitled "Motion for Suspension Pending Prosecution." In its motion, the Commission requested that the supreme court issue an order to show cause why the appellant herein should not be suspended pending final determination of the allegations in the complaint and requested that the court set a time and place for the hearing. Further, the Disciplinary Commission requested that if probable cause was found at the hearing on the order to show cause, the appellant's license to practice law be suspended pending a final determination of the allegations in the complaint. The Indiana Supreme Court Rules of Admission and Discipline Rule 23 § 14(g), dictates that "[p]rocedure at the hearing shall be upon ... the complaint and the answer except that the burden of proof is on the [attorney]" to show that

there is no reasonable cause to believe that he is guilty of the allegations set forth in the complaint, or else the temporary suspension will take effect.

The appellant filed an amended answer denying the allegations contained in the Verified Complaint for Disciplinary Action and raised the federal constitutional issues that the disciplinary rules violate the due process and equal protection clauses of the fourteenth amendment. The hearing officer set a date for the trial of the complaint.

Prior to the hearing, the plaintiff filed this action in the United States District Court for the Southern District of Indiana, Indianapolis Division. On the same day, the district court denied the plaintiff's motion for an order to show cause, and the plaintiff appealed from this decision. The district court later denied the plaintiff's motion for a temporary restraining order to stay the state disciplinary proceedings pending the outcome of the plaintiff's appeal. The plaintiff appeals from this order. On December 23, 1981, the district court dismissed the plaintiff's action and granted the defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b). The district court's ruling was based on the "abstention doctrine."[3] The plaintiff also appealed this order, and that appeal was subsequently consolidated with the other appeals described above.

### Issues

Issue 1: Did the district court abuse its discretion in dismissing the appellant's complaint on the basis of the application of the *Younger v. Harris* doctrine of abstention?

### The Younger Abstention Doctrine:

The central question to be decided on this appeal is whether the district court

---

**2.** It is unclear from the record how many law students or paralegals were employed in the appellant's legal clinics.

**3.** The abstention doctrine, also known as the *Younger* doctrine, mandates that, absent special circumstances, federal courts must, in the interests of federalism and comity, abstain from interfering with ongoing state court proceedings.

abused its discretion in dismissing the appellant's complaint on the basis of the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The determination of whether the *Younger* doctrine should be applied in any specific case requires the analysis of two separate issues. Initially, the court must determine if "the state's interest in the pending disciplinary proceedings ... [is] of sufficient importance to activate the policies underlying the doctrine of equitable restraint on the part of the federal court," (i.e., the interests of federalism and comity). *Tepper v. State Bar of Wisconsin*, 489 F.Supp. 115, 117 (E.D.Wis.), affirmed without opinion, 636 F.2d 1222 (7th Cir. 1980). This portion of the *Younger* doctrine has been referred to as "the doctrine of federal equitable restraint." *Grandco Corp. v. Rochford*, 536 F.2d 197, 201 (7th Cir. 1976). Where a vital state interest exists justifying abstention, a federal court should abstain unless the state law clearly bars the imposition of a constitutional claim, *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979), or the state action is brought in bad faith or for purposes of harassment.

A number of federal courts, including the district court which heard the instant case, have ruled that there is a significant and sufficient state interest in regulating the conduct of attorneys practicing in the state courts to invoke the abstention doctrine. *See generally Gipson v. New Jersey Supreme Court*, 558 F.2d 701 (3rd Cir. 1977); *Anonymous v. Association of the Bar*, 515 F.2d 427 (2nd Cir.), *cert. denied*, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *Tepper*, 489 F.Supp. at 117–118. Reasoning that the state "has a legitimate interest in determining whether [an individual] has the qualities of character and the professional competence requisite to the practice of law," *Baird v. State Bar*, 401 U.S. 1, 7, 91 S.Ct. 702, 706, 27 L.Ed.2d 639 (1971), these courts have found that the state has a primary responsibility in regulating the activities of attorneys licensed and practicing in their state courts because "a lawyer to practice anywhere in the United States must first be admitted to the bar of one of the states." *Erdmann v. Stevens*, 458 F.2d 1205, 1213 (2nd Cir. 1972).

The appellant herein does not raise in his brief the issue of whether the state's interest in regulating the conduct of attorneys is sufficient to warrant the exercise of restraint and the abstention of a federal court in an action to enjoin state disciplinary proceedings. Therefore, we hold that a state's (Indiana) interest in disciplinary proceedings against attorneys admitted and licensed to practice before their respective state courts is sufficient to invoke the *Younger* abstention doctrine.

The second issue to be addressed in determining whether the district court was correct in dismissing the appellant's complaint under the *Younger* abstention doctrine is whether any of the exceptions to the *Younger* rule apply to the instant case and thus favor or allow a federal court to exercise its jurisdiction. As a general rule, "[t]he accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it appears that this course would not afford adequate protection." *Younger*, 401 U.S. at 45, 91 S.Ct. at 751. The question of whether the state proceedings allow the plaintiff to challenge the validity of some state statute has given rise to the three exceptions to the *Younger* doctrine. The exceptions to the *Younger* doctrine indicate that federal courts must abstain from enjoining a state court proceeding unless (1) the proceeding pending in the state court would not afford the plaintiff an opportunity to raise his constitutional claims, *Younger*, 401 U.S. at 49, 91 S.Ct. at 753; (2) or it can be shown that the state court proceedings were brought in bad faith or to harass the plaintiff, *id.*, citing *Dombrowski v. Pfister*, 380 U.S. 479, 484, 85 S.Ct. 1116, 1119, 14 L.Ed.2d 22 (1965); or (3) the possible unconstitutionality of the statute, on its face, justifies an injunction against the state's good faith attempt to enforce it. *Younger*, 401 U.S. at 54, 91 S.Ct. at 755. If the appellant herein can demonstrate that the disciplinary actions

pending against him before the Supreme Court of Indiana fall within one of the exceptions to the *Younger* doctrine, then an injunction may be the appropriate remedy. We will deal with each of these exceptions, individually as they apply to the instant case.

The appellant argues that the district court erred in applying the *Younger* abstention doctrine because the state court proceedings will not provide the appellant with "an opportunity to raise his constitutional claims." In support of this position, the appellant points to the fact that the hearing examiner assigned to the case ruled that he was not authorized to entertain the constitutional questions raised by the appellant. The appellant argues that, because he was unable to raise his constitutional claims before the hearing examiner, the state law bars the imposition of constitutional challenge in the state courts. We disagree.

Under the Indiana Supreme Court's Rules of Admission and Discipline, the initial step in disciplinary proceedings occurs when the Commission's Executive Secretary inquires into the charges brought against an attorney. Upon completion of this initial investigatory step, the Executive Secretary decides on a course of action and makes a recommendation to the Commission. At this point in the procedure the Commission determines if reasonable cause exists to believe the attorney is guilty of misconduct warranting disciplinary action. No formal hearing is held up to and including the time of the Commission's determination. If the Commission decides that reasonable cause exists to believe that the attorney is guilty of misconduct, the Commission files a complaint with the Indiana Supreme Court Clerk. At this time, the supreme court appoints a hearing officer or officers, not to exceed three in number, to hear and determine the validity of the complaint.

The second or "adjudicative" stage of the proceedings commences with the hearing, summary in form, reported but without a jury. At the hearing, the attorney charged with misconduct is given an opportunity to respond to the charges in the form of an answer, and may attend the hearing, be represented by counsel, cross-examine witnesses testifying against him and require the production of evidence and witnesses on his own behalf and may assert any legal defense. After the hearing, the hearing examiner may impose sanctions if he concludes by a preponderance of the evidence that the attorney charged is guilty of misconduct and then must prepare and submit written findings of fact to the supreme court.

The appellate stage of the state disciplinary proceedings begin when either the attorney or the Commission files a petition for review of the findings or recommendations with the supreme court. The attorney may then challenge any and all findings made by the hearing examiner. Upon review of the record, the supreme court may either adopt the findings and recommendations submitted or after review of the record issue its own findings and discipline.

It should be noted that the disciplinary procedures provide the appellant with a number of opportunities to challenge the constitutionality of the Commission's proceedings and rulings at different stages of the disciplinary process. The appellant is given the opportunity to challenge the constitutionality of the statute at the initial hearing with the hearing examiner. The fact that the hearing examiner stated that he was unable to pass upon the constitutional issues does not bar the plaintiff's constitutional challenge because *any* finding of the hearing examiner is appealable to the Indiana Supreme Court. On appeal the appellant may challenge not only the hearing examiner's finding that he was unable to hear the challenge to the constitutionality of the statute, but also the appellant may again challenge the constitutionality of the statute itself. Thus, we disagree with the appellant's contention and arguments and hold that Indiana's disciplinary proceedings do provide the appellant with sufficient opportunity to challenge the constitutionality of the disciplinary rules.

The appellant cites *Garden State Bar Assoc. v. Middlesex County Ethics Committee*, 643 F.2d 119, *reh'g denied*, 651 F.2d 154 (3rd Cir.), *cert. granted*, 454 U.S. 962, 102 S.Ct. 500, 73 L.Ed.2d 377 (1981), as being similar to the instant case and urges that this court

should apply the holding of *Garden State*. However, subsequent to the filing of briefs in the instant case the Supreme Court overturned the Third Circuit's ruling in *Garden State* and ruled that abstention was proper. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, —— U.S. ——, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). In *Middlesex County*, an attorney who was a member of the New Jersey bar was charged by the Middlesex County Ethics Committee with engaging in conduct which was prejudicial to the administration of justice when, during the press conference, he referred to an ongoing criminal trial as "a travesty" and "legalized lynching." Instead of answering to the charges as required by the New Jersey Bar Disciplinary Procedures, the attorney filed suit in the United States District Court for the District of New Jersey, alleging that the disciplinary rules violated his first amendment rights. The district court dismissed the complaint based on *Younger*, reasoning that "the principles of comity and federalism dictate that the federal courts abstain so that the state is afforded the opportunity to interpret its rules in the face of a constitutional challenge." The Third Circuit reversed, holding that the New Jersey disciplinary rules did not provide the plaintiff with a meaningful opportunity to adjudicate his constitutional claims. The Supreme Court reversed the Third Circuit, and held that abstention was appropriate.

The *Middlesex County* Court applied a three-pronged analysis in determining that abstention was appropriate. Initially, the Court noted that "[f]rom the very beginning a disciplinary proceeding is judicial in nature, initiated with the filing of a complaint with an ethics and grievance committee. . . . As such, the proceedings are of a character so as to warrant federal court deference." —— U.S. at ——, 102 S.Ct. at 2521. Next, the Court stated:

> The State of New Jersey has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. . . . The ultimate objective of such control is 'the protection of the public, the purification of the bar

and the prevention of a reoccurrence.' . . . Finally, the state's interest in the present litigation is demonstrated by the fact that the Middlesex County Ethics Committee, an agency of the Supreme Court of New Jersey, is the named defendant in the present suit and was the body which initiated the state proceedings against respondent Hinds. The importance of the state interest in the pending state judicial proceeding and in the federal case calls *Younger* abstention into play. So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain.

*Id.* at —— – ——, 102 S.Ct. at 2521–2522. (citations and footnotes omitted). Relying upon the theory that the accused should first present his defense in state courts, and noting that the constitutionality of the disciplinary rules was subject to challenge before the New Jersey Supreme Court, the *Middlesex* Court found that there was an adequate opportunity to raise constitutional claims and therefore held that abstention was proper.

We hold that the Supreme Court's ruling in *Middlesex County* controls in this case.

■ In light of the compelling state interest in maintaining the competence, ethics and good moral character of those who are authorized to practice before the state courts, and because we hold that the disciplinary rules are not on their face unconstitutional, we will follow the United States Supreme Court's lead and defer to the Supreme Court of Indiana and encourage it to determine the constitutionality of Indiana state statutes. This is especially true when the constitutionality of these statutes are clearly subject to review by the Indiana Supreme Court, and in the interest of comity should receive an initial review by that court.

Finally, as a parting shot, Sekerez argues that the allegations made in the complaint and the charges against him were brought in bad faith and for the purpose of harass-

ment and thus come within the exceptions to the *Younger* doctrine of abstention. It is his position that the district court abused its discretion in dismissing the appellant's complaint and that the court further abused its discretion in not giving the appellant an opportunity to be heard on the allegations of bad faith and harassment. We agree with the district court's holding that the appellant's allegations of bad faith and harassment are without merit and fall far short of the breadth or scope of allegations necessary, nor do they come within the parameters of the *Dombrowski* exception to the *Younger* doctrine as the appellant has failed to demonstrate to this court's satisfaction that the action by the Disciplinary Commission was part of a pattern of activity designed to harass him.

In *Dombrowski*, the Supreme Court held that the abstention doctrine is inappropriate when a prosecution is brought in bad faith or for the purpose of harassment. In *Dombrowski*, an action was brought by the Southern Conference Educational Fund, Inc. (SCEF), an organization engaged in the civil rights movement, against the governor, police and law enforcement officers of Louisiana seeking declaratory relief and an injunction to restrain the defendants from prosecuting or threatening to prosecute SCEF for alleged violations of the Louisiana Subversive Activities and Communist Control Law and the Communist Propaganda Control Law. SCEF alleged that two of its directors were arrested by both the Louisiana state and local police and charged with separate violations of the Louisiana Subversive Activities Control Law and the Communist Propaganda Control Law. At the time of the directors' arrests, the directors' homes and the SCEF offices were raided and SCEF files and records were seized. A state judge quashed the arrest warrant and dismissed the complaint against the SCEF directors, ruling that there had been insufficient evidence of facts presented to a judge or magistrate to constitute probable cause that the directors had violated the Louisiana statute. The court further granted the motion to suppress the evidence seized, ruling that the raid was illegal because the arrest warrants were not properly issued. In spite of these judicial decisions, Louisiana officials publicly through the media continued to threaten prosecution of the directors, who thereupon filed an action in federal court to enjoin the officials from further prosecution. The Supreme Court found that the acts of the Louisiana officials in raiding SCEF's offices and seizing their documents, together with the repeated announcements by Louisiana state officials that SCEF was a subversive or communist front organization served to frighten off not only contributors, but potential members as well. Moreover, the Court found that the seizure of the documents and records paralyzed operations of SCEF. The Supreme Court agreed with SCEF's position that the charges were brought in bad faith "without any hope of ultimate success, but only to discourage [SCEF's] civil rights activities." 380 U.S. 490, 85 S.Ct. 1122. Because these actions were brought in bad faith and for the purpose of harassing SCEF directors, the Court ruled that the federal courts need not abstain from exercising jurisdiction.

The allegations contained in the complaint in the instant case fall far short of those allegations contained in the complaint in *Dombrowski*, because the appellant herein has not established that the appellees have engaged in a pattern of activity designed to harass the appellant, whereas in *Dombrowski*, the state officials repeatedly threatened to prosecute the directors of SCEF even in the face of judicial decisions declaring the officials' actions illegal. The holding in *Dombrowski* was based upon the fact that the Louisiana officials continued to threaten SCEF directors with prosecution under state statutes with the sole purpose of discouraging SCEF's civil rights activity and with no real hope of ultimate success. That is not the case here. The appellees herein are not threatening prosecution of the appellant in order to interfere with the appellant's practice of law, but rather are proceeding in an orderly fashion to evaluate charges that the appellant has engaged in legal misconduct and to remove him from practice should they find probable cause. Furthermore, the appellant has not been submitted to harassing activities of

state officials, such as the searches and seizures noted in *Dombrowski*. Moreover, the appellant has not established to the satisfaction of this court that the instant action "is only one of a series of repeated prosecutions to which he will be subjected." *Younger*, 401 U.S. at 49, 91 S.Ct. at 753. Therefore, we agree with the district court's dismissal of the appellant's complaint for failure to state a claim upon which relief can be granted.

The appellant has also alleged that the district court abused its discretion in applying the anti-injunction statute, 28 U.S.C. § 2283 (1976), to a civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1985. Because this court holds that the judicially created *Younger* doctrine mandates that this court abstain in the instant action, we decline to address this argument.

By the court, the decision of the district court is AFFIRMED.