689 N.E.2d 456 (1997)
In re the Matter of the PATERNITY OF C.L.H.
Ann Loni HOANG, Appellant-Respondent.
v.
Mark A. BRACKMAN, Appellee-Respondent.
No. 02A05-9707-CV-261.
Court of Appeals of Indiana.
December 15, 1997.
Transfer Denied April 29, 1998.
*457 Stanley A. Levine, Rothberg & Logan, Fort Wayne, for Appellant-Respondent.
Mark A. Brackman, Peoria, AZ, Pro Se.

OPINION
BARTEAU, Judge.
Ann Loni Hoang (Loni) appeals the trial court order modifying the child support obligation of her child's father, Mark Brackman (Mark). She raises three issues:[1]
1. Whether the trial court abused its discretion in calculating a non-custodial father's child support obligation based on a finding that the father's veterans benefit was $1097.00 per month, when the evidence was uncontroverted that, at the time of the support modification, the benefit amount was $1870.00 per month?
2. Whether the trial court abused its discretion by failing to include in its calculation of a non-custodial parent's child support obligation the work-related child care expenses incurred by the custodial parent?
3. Whether the trial court abused its discretion by failing to include in its child support calculation certain extraordinary educational and medical expenses incurred by the custodial parent on the child's behalf?
We reverse and remand.

FACTS
On October 31, 1989, Loni was awarded custody of her child after a determination that Mark was the father, and Mark was ordered to pay child support in the amount of $150.00 per week. In November of 1995, Mark petitioned for a modification of his support obligation because he had been forced to accept disability retirement as a result of his medical condition. In March of 1996, Loni also petitioned for modification of support because her daughter was about to incur substantial expenses for orthodontic work, and was enrolled in a private school.
On October 30, 1996, the trial court entered an order modifying Mark's support obligations, and finding Mark in contempt of its support order and in arrears in his support obligation in an amount of $2484.00. The court found that
the father is not presently employed, but receives a Veteran's benefit of $1097.00 per month and a Post Office Disability income of $1005.00 per month; that his weekly income is determined to be $485.00.
The mother is employed at the Post Office and earns $371.00 per week. The mother has child care cost of $89.00 per week.
R. at 36. The court reduced Mark's support obligation to an amount of $126.00 per week, and further ordered him to pay $24.00 per week to be applied to the arrearage.
Loni filed a Motion to Correct Errors, bringing to the court's attention that her gross weekly income was actually twice as much as the court had found in its original order, and also asserting as error the court's determination of Mark's income. She noted that at trial, a letter from the Department of Veterans Affairs had been admitted into evidence which showed that while Mark's veterans benefit amount had been $1096.00[2] per *458 month from May of 1995 through December 31, 1995, it was actually $1870.00 per month from January 1, 1996 until the date of the letter, which was May 17, 1996. Mark testified at the hearing that he only receives the increased amount during months when he is hospitalized for more than 30 days. Loni also noted that a summary of payments entered into evidence showed that Mark's postal disability payments were $1121.00 per month, and not the $1005.00 per month found by the trial court. Finally, her motion pointed out that the court had failed to rule on Mark's failure to pay his share of uninsured birth expenses pursuant to a previous contempt citation.
On March 6, 1997, the trial court issued an order correcting error. The corrected order directed Mark to pay the uninsured birth expenses; it omitted, without explanation, Loni's $89.00 per week child care expense; it recalculated Loni's post office wages to be $743.00 per week; it recalculated Mark's post office disability income to be $1121.00 per month; and it characterized the additional amount of Mark's veterans benefit as "related to the medical treatment [so] it should not be included in the computation for purposes of determining the amount of support the father will be ordered to pay." The result of the modification of the order was that Mark's child support obligation was further reduced from $126.00 per week to $79.00 per week.

STANDARD OF REVIEW
We presume that a trial court calculation of child support obligations pursuant to the Indiana Child Support Guidelines is valid, and we will reverse a trial court child support order only where it is clearly against the logic and effect of the facts and circumstances. Summerville v. Summerville, 679 N.E.2d 1344, 1347 (Ind.Ct.App.1997). On review, we do not reweigh the evidence nor will we redetermine the credibility of the witnesses; rather, we consider only the evidence favorable to the judgment and the reasonable inferences which arise from that evidence. Id.

DETERMINATION OF INCOME
For purposes of the child support guidelines, "weekly gross income" is broadly defined to include not only actual income from employment, but "potential" income of unemployed parents, and "imputed income" based on "in kind" benefits. Ind. Child Support Guideline 3(A). Specifically, the definition includes, among other things, income from annuities, social security benefits, disability insurance benefits, and workmen's compensation benefits. The only specific exclusion from the definition of "gross income" is for payments from "means-tested public assistance programs," i.e., Aid to Families with Dependent Children, and Food Stamps. Id.
The trial court abused its discretion when it determined that the full amount of Mark's veterans benefit was not to be included in his "gross income" for child support calculation purposes. Mark testified that he only receives the increased veterans benefit during months when he spends a certain number of days in the hospital. However, the documentation from the Department of Veterans Affairs does not indicate the increased amount is contingent on hospitalization for a certain length of time. Furthermore, we find no evidence in the record, nor does Mark direct us to any, supporting the premise that the increased amount of the monthly benefit was "directly related to the medical treatment" and thus is not "income."
Even if the increased benefit is directly related to medical treatment, the record does not support the trial court's conclusion that the benefit is not part of Mark's "gross income" as defined in the Child Support Guidelines. The payment appears to be in the nature of a "disability insurance benefit," which the guidelines explicitly include within the definition of "gross income," and does not appear to be a benefit from a "means-tested public assistance" program which would be excluded from the definition.

CHILD CARE EXPENSES
The Child Support Guidelines provide that child care costs incurred due to employment should be added to the basic child support obligation. Child Supp. G. 3(E). The expense is one incurred for the benefit *459 of the child, which the non-custodial parent should share. Id., cmt. 1.
Loni provided uncontroverted[3] evidence to the trial court that she had work-related child care expenses of $89.00 per week. In its first order modifying Mark's support obligation, the trial court took the $89.00 per week figure into account. However, in its corrected order it omitted, without explanation, the work-related child care expenses from its calculation. The court's failure to take into account in its corrected order the work-related child care expenses which were included in its original order was an abuse of discretion.

EXTRAORDINARY EDUCATIONAL AND MEDICAL EXPENSES
Loni asserts as error the trial court's failure to take into account, in either its original or its corrected order, certain extraordinary educational and medical expenses for the child. Loni provided uncontroverted evidence that she had incurred expenses of $128.00 per week to send the child to a private school and $15.00 per week for rental of a musical instrument. She also asked that Mark pay half of the child's orthodontia expense of $4150.00.
Extraordinary medical and educational expenses "may be added" to the basic child support obligation, Child Supp. G. 3(E)(2), (3). Questions of educational expense are not reduced to a specific formula in the Guidelines, because such questions are likely to be fact-sensitive. Child Supp G. 3, cmt. 3. Because the Guidelines do not require that extraordinary educational expenses be taken into account in a child support computation, we cannot say that the trial court abused its discretion when it declined to do so.
By contrast, the commentary to Guideline 3(E)(2) states that when medical expenses exceed the custodial parent's obligation for "ordinary" uninsured health care expenses, some provision should be made for the uninsured health care expenses which exceed that amount (i.e., "extraordinary" expenses). Child Supp. G. 3, cmt. 2(b). Specifically, the commentary states the excess cost should be apportioned between the parties according to the Percentage Share of Income computed on the child support worksheet. While we acknowledge that the commentary is not binding, In re Paternity of T.W.C., 645 N.E.2d 1128, 1130 (Ind.Ct.App.1995), we have held in similar situations that the better approach is to follow the commentary and to require the trial court to set forth specific findings if it deviates from the presumptive apportionment of uninsured medical expenses. Id. The medical expense Loni submitted appears to exceed Mark's obligation for "ordinary" medical expense; thus, we must remand to the trial court for a recalculation of its child support order or for specific findings explaining the court's deviation from the presumptive apportionment of the extraordinary medical expense.

CONCLUSION
The trial court improperly modified Mark's child support obligation when it failed to consider his increased veterans benefit as part of his "gross income," when it omitted, without explanation, Loni's work related child care expense from its corrected order, and when it failed to provide specific findings explaining its deviation from the presumptive apportionment of the child's extraordinary medical expenses between Mark and Loni. Accordingly, we reverse and remand to the trial court with instructions to reconsider Mark's child support obligation consistent with this opinion.
SHARPNACK, C.J., and DARDEN, J., concur.
NOTES
[1] Mark asserts, in his Statement of the Issues, that he is entitled to an award of his costs and expenses incurred in defending this appeal. In light of our determination that the support obligation should be recalculated to reflect Loni's work-related child care expenses, the child's extraordinary medical expenses, and Mark's increased veterans benefits, we need not address Mark's allegation that Loni's appeal is "frivolous" and in "bad faith." We also note that Mark has provided us with no cogent argument supported by legal authority indicating why he is entitled to such costs and expenses. As a result, he has waived that issue. Ind. Appellate Rule 8.3(A)(7).
[2] The trial court, in its original order, found the amount of Mark's payment to be $1097.00. That figure appears to be based on Mark's statement on direct examination that "I think it was $1097.00." R. at 95.
[3] In his brief, Mark makes the bald allegation that the child was actually cared for by Loni's relatives and boyfriend, suggesting that she did not actually incur those expenses. However, he favors us with no references to evidence in the record in support of his allegation, so we are unable to consider it on appeal. Ind.App. R. 8.3(A)(5), (7), 8.3(B).