In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-1588

GENERAL AUTO SERVICE STATION LLC, *et al.*,

*Plaintiffs-Appellants*,

*v.*

CITY OF CHICAGO, ILLINOIS, and LAMAR ADVERTISING CO.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 00 C 368—**Rebecca R. Pallmeyer**, *Judge*.

ARGUED DECEMBER 6, 2002—DECIDED FEBRUARY 10, 2003

Before EASTERBROOK, RIPPLE, and MANION, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Since 1962 a large commercial sign has been painted on the south wall of the building at 1127 North State Street in Chicago. Sometime after 1962 lighting was added. General Auto Service Station owns the building; Whiteco Outdoor Advertising leases the wall and operates the sign. (We skip over the details of the ownership and lease, which may be found in the district court's opinion, 2001 U.S. Dist. LEXIS 23711 (N.D. Ill. May 17, 2001), and for consistent usage we refer to the lessee as Whiteco even though the current lessee

is Lamar Advertising Company.) In 1990 Chicago amended its zoning ordinances to set a limit of 100 square feet on illuminated signs located within 250 feet of residential properties. Whiteco's sign is 1,534 square feet, and the building is about 200 feet from the nearest residence. Chicago Municipal Code §17-6.7-1(a) is a grandfather clause deeming any sign "that was lawfully erected pursuant to a permit lawfully issued prior to the effective date of this section [to be a] legal non-conforming sign." Whiteco sought to take advantage of this proviso, and in 1994 the Zoning Administrator tentatively agreed. This tentative approval did not become definitive (the record does not explain why), and in 1997 the City issued a notice of violation. Whiteco invoked the grandfather clause again, but this time the Zoning Administrator and the Zoning Board of Appeals both said no, on the ground that even if Whiteco's pre-1990 use was lawful, it lacked a permit verifying this, and the grandfather clause is limited to signs "erected pursuant to a permit". Whiteco was ordered to pay a fine of $250.

Whiteco sought judicial review of the Zoning Board's decision in state court, contending that the Board's order was an incorrect application of the City's ordinance. General Auto, the building's owner, filed this suit in federal court, under 42 U.S.C. §1983, contending that the ordinance and the Board's action, taken together, violate both the first amendment and the due process clause of the Constitution. Both lost, though for different reasons.

In Whiteco's suit, the state court held that Whiteco had not made the proper arguments before the Board, forfeiting its right to judicial review, and at all events had failed to establish that the pre-1990 use was "lawful" with or without a permit. This would have entailed showing what the zoning rules and permit requirements had been, and where residential properties were located, not only in 1962 but also in whatever year the sign became illumi-

nated, all subjects on which both the administrative and the judicial records were silent. *Whiteco Outdoor Advertising v. Chicago*, No. 98 CH 14280 (Cir. Ct. Cook County Mar. 2, 2000), affirmed, No. 1-00-1194 (Ill. App. 1st Dist. Sept. 17, 2001), leave to appeal denied, 198 Ill. 2d 610, 766 N.E.2d 245 (2002).

In General Auto's suit, the district court did not reach the merits, instead abstaining under *Younger v. Harris*, 401 U.S. 37 (1971), and its successors. *Younger* holds that, except in extraordinary situations, a federal court may not enjoin ongoing state proceedings that arise out of important state interests, if the litigant has an adequate opportunity to present its constitutional arguments in the state forum. One problem with abstention is that General Auto did not ask for an injunction or declaratory judgment, see *Samuels v. Mackell*, 401 U.S. 66 (1971) (equating the two remedies), that would halt the litigation between Whiteco and the Board; it sought only a declaration of *its* substantive rights vis à vis the City. A second problem is that no state forum was available to General Auto. The City has not fined it, so there is no pending (or impending) case in which it could mount a constitutional defense. Whether it sues in state or federal court, General Auto will be the plaintiff. What is more, General Auto *tried* to litigate in state court—and was rebuffed. It sought to intervene in Whiteco's suit, a sensible step that would have enabled the state judiciary to resolve all theories affecting all parties at one go. Yet Chicago opposed its motion to intervene, and the state court denied the motion. Once the state court has announced that it will not entertain constitutional arguments, *Younger* is no longer applicable.

Chicago nonetheless asks us to affirm the district court's decision because, the City insists, General Auto could and should have appealed the denial of its motion. It may not have been required to intervene, see *Hoover v.*

*Wagner*, 47 F.3d 845, 848 (7th Cir. 1995), but once it started down that road it was "in" state court and had to persevere, the City submits. See *Sekerez v. Supreme Court of Indiana*, 685 F.2d 202, 206 (7th Cir. 1982). Even if it could not have appealed immediately (for Illinois treats the denial of a motion to intervene as an interlocutory order appealable only in the court's discretion, see *Chicago, Milwaukee, St. Paul & Pacific R.R. v. Harris Trust & Savings Bank*, 63 Ill. App. 3d 1012, 380 N.E.2d 835 (1st Dist. 1978)) General Auto could have appealed from the final decision in Whiteco's suit. True enough, but appeal exists to correct error. If the court was right to deny General Auto's motion, an appeal would have been pointless. And in Chicago's view the state court *was* right. After all, Chicago opposed its motion to intervene. Having persuaded the state court that General Auto was not entitled to adjudication of its constitutional theories, Chicago is estopped to argue in federal court that General Auto could have litigated in state court if only it had tried harder. See *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001) (discussing the doctrine of judicial estoppel); *Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.*, 910 F.2d 1540, 1547-49 (7th Cir. 1990). We therefore take the state court's decision about intervention as correct, which means that the conditions for *Younger* abstention have not been satisfied.

Offering additional arguments in support of the judgment, Chicago contends that General Auto's claim is barred by the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Decisions of state courts may not be challenged in litigation under §1983; instead the aggrieved party must pursue all remedies through the state system and then seek certiorari under 28 U.S.C. §1257. If General Auto were contesting, as a violation of its constitutional rights, the state court's decision not to permit intervention, then the *Rooker-*

*Feldman* doctrine would come into play. But this is not General Auto's point; its due process theory is that Chicago's zoning officials violated its rights by refusing to classify the sign as a lawful non-conforming use. Such a protest, concerning the adversary's pre-litigation conduct rather than an injury caused by a judicial decision, is unaffected by the *Rooker-Feldman* doctrine.

Chicago also contends that the district court's judgment may be sustained on the basis of claim preclusion (res judicata): Whiteco, which was in privity with General Auto, litigated and lost in state court. Although it lost for failing to build a proper record and make the right arguments in the administrative forum, and did not present any constitutional theory, Illinois applies the doctrine of claim preclusion to all arguments that were *or could have been* presented to the tribunal. See *River Park, Inc. v. Highland Park*, 184 Ill. 2d 290, 306, 703 N.E.2d 883, 891 (1998); *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 294-96, 602 N.E.2d 820, 825 (1992). See also *Durgins v. East St. Louis*, 272 F.3d 841 (7th Cir. 2001) (discussing Illinois law). So if Whiteco was General Auto's stalking horse, then General Auto has had its day in court and may not try again. See *Montana v. United States*, 440 U.S. 147 (1979).

One sign that Whiteco was not General Auto's proxy is the fact that General Auto tried to intervene—and the state court denied its motion not on the ground that it was already well represented, but on the ground that Whiteco and General Auto are distinct, and that because General Auto had not appeared in its own name in the zoning proceedings it could not attack the Board's decision. Once again Chicago has switched sides: having persuaded the state court that Whiteco and General Auto should be treated as different entities, it now seeks to persuade us that they are (or should be treated as) the same entity. Once again this flip-flop is barred by the

doctrine of judicial estoppel. The state court held, at Chicago's urging, that Whiteco's deeds are not attributed to General Auto. As we must give the state court's decision the same effect that the state system would give it, see 28 U.S.C. §1738, this fatally undercuts Chicago's plea of res judicata. If Whiteco's appearance before the Zoning Appeals Board was not imputed to General Auto on the basis of privity, then Whiteco's litigation in state court should not be imputed to General Auto on the basis of privity.

For what it may be worth, we very much doubt that state courts would treat Whiteco as General Auto's representative if they were to tackle the matter free of any concern about Chicago's litigation strategy. Illinois follows the *Restatement (2d) of Judgments* §42(1) (1982), which states as a blackletter principle that a "person is not bound by a judgment for or against a party who purports to represent him if . . . (e) The representative failed to prosecute or defend the action with due diligence and reasonable prudence, and the opposing party was on notice of facts making that failure apparent." See, e.g., *Diversified Financial Systems, Inc. v. Boyd*, 286 Ill. App. 3d 911, 918, 678 N.E.2d 308, 312 (4th Dist. 1997). Thus it is not enough that Whiteco and General Auto are trading partners; Whiteco's litigation is preclusive against General Auto only if Whiteco acted with reasonable prudence to protect General Auto's interests. Yet Whiteco lost precisely because of lapses before both the agency and the court. Chicago not only was on notice of these deficiencies but also took advantage of them by urging that Whiteco's suit be dismissed without a decision on the merits. This is not to say that Whiteco could be deemed an inadequate representative for omitting a constitutional theory; in zoning disputes, state-law theories often offer the best chance of success. See, e.g., *River Park, Inc. v. Highland Park*, 23 F.3d 164 (7th Cir. 1994); *Northside Sanitary*

*Landfill, Inc. v. Indianapolis*, 902 F.2d 521 (7th Cir. 1990). But Whiteco did not prosecute even the state-law theories competently. To have any hope of success under the grandfather clause, it had to show that the sign was lawful, and possessed any permits that may have been required, when first illuminated, but it did not offer any evidence on these matters. General Auto is entitled to its own crack at the subject. It has better incentives than Whiteco did: a lessee will not invest in litigation more than it expects the remaining months or years of the lease to be worth, while the owner will take account of the property's long-term value.

We do not consider whether General Auto has a good federal claim. The merits, which have not been briefed in the appeal, must be addressed initially by the district court.

REVERSED AND REMANDED

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*
