**Mark A. BRACKMAN, Plaintiff–Appellant,**

v.

**State of INDIANA, et al., Defendants–Appellees.**

Nos. 03–2649, 04–1189.

United States Court of Appeals, Seventh Circuit.

Submitted March 25, 2004.*

Decided March 26, 2004.

Rehearing Denied April 30, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Mark A. Brackman, Peoria, AZ, pro se.

Frances Barrow, Office of the Attorney General, Indianapolis, IN, Laura L. Reuss, Beers, Mallers, Backs & Salin, Fort Wayne, IN, for Defendants–Appellees.

Before POSNER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

We consolidated two appeals arising from a single lawsuit filed by Mark Brackman against his minor child's mother, her lawyer, and a number of state and county officials in Indiana. Brackman alleged that the defendants had conspired to deprive him of access to the Indiana courts to prevent him from disputing aspects of a child support order. The district court initially dismissed one group of defendants and made its order immediately appealable under Fed.R.Civ.P. 54(b); the court later granted summary judgment to the remaining defendants. Brackman contests both orders, but we conclude that the district court was without subject matter jurisdiction to enter either.

The dispute underlying this litigation began several years ago when an Indiana appellate court held that Brackman's veterans' disability benefits could be included as part of his income available to satisfy a child support order. *In re Paternity of C.L .H.,* 689 N.E.2d 456, 458 (Ind.Ct.App. 1997), *transfer denied,* 698 N.E.2d 1191 (Ind.1998). Brackman, who lives in Arizona, has been trying to modify this order for some time now under the theory that his veterans' benefits may not be withheld for child support because the benefits are "non-assignable" and exempt from creditors. *See* 38 U.S.C. § 5301. In November 1999 he sued the same defendants involved here along with the Department of Veterans Affairs and the United States Postal Service in federal court for the District of Arizona, accusing the defendants of violating § 5301 by wrongfully garnishing his veterans' benefits to satisfy the support order. After that suit was dismissed in August 2000 for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine, *see Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), Brackman in November 2000 filed another suit against the same defendants in the Northern District of Indiana. In March 2001 the district court in Indiana likewise dismissed for lack of subject matter jurisdiction.

Brackman then went back to the Indiana state courts. In the summer of 2001 he petitioned the Allen County circuit court that had issued the original child support order to modify his payment obligation, again under the theory that § 5301 rendered his veterans' benefits exempt from withholding. Having received no response to his petition either from the cir-

cuit court or from Ann Loni Hoang, his child's mother, Brackman moved for a default judgment, but the circuit court sent him notice of its decision denying his request. Brackman in January 2002 again petitioned the Allen County circuit court for a modification of the support order. Again receiving no response, he moved in March for a default judgment, and at the same time asked the court clerk for copies of three pages of the case record. The clerk returned his payment for the copies along with his motion for default, apparently without explanation. In April he petitioned the Supreme Court of Indiana for a writ of mandamus compelling the circuit court to either grant a hearing on his petitions or enter a judgment of default. Alternatively he asked for the court to appoint a "special judge" to supervise the circuit court. But the supreme court dismissed his petition.

That decision brought Brackman back to federal court. Reasoning that he was unfairly ignored by the Indiana courts. Brackman in February 2003 sued the State of Indiana and several state officials ("state defendants"); Allen County, the county attorney, and county commissioners ("county defendants"); Hoang; and her attorney in the district court for the Northern District of Indiana under 42 U.S.C. §§ 1983 and 1985. Brackman alleged that the defendants must have conspired to keep him out of state court because the Allen County circuit court had failed to grant a hearing on his petitions or enter a default judgment; he also alleged that the defendants had conspired to wrongfully withhold his veterans' benefits to satisfy his child support obligation. He sought both declaratory and pecuniary relief in the neighborhood of $330 million.

The state defendants along with Hoang and her lawyer moved to dismiss. The district court granted the motion in early

June but inadvertently entered an order dismissing Brackman's complaint against all of the defendants. Later that month the court realized the mistake and corrected the order of dismissal to include only the state defendants, Hoang, and her lawyer. The court, however, entered its amended order under Fed.R.Civ.P. 54(b) so that Brackman could appeal the decision immediately. The court reasoned that the Eleventh Amendment barred Brackman from proceeding against the state defendants, and that anyway it lacked jurisdiction under the *Rooker–Feldman* doctrine to consider his claims to the extent they related to the child support order. And the court concluded that neither Hoang nor her attorney were state actors for purposes of the civil rights statutes. The court further observed that this was the third time Brackman had contested the child support obligation in federal court and sanctioned him by ordering that any subsequent complaints naming Hoang would have to be reviewed by the court to prevent her harassment.

Brackman accepted the invitation to appeal immediately, and we docketed his appeal from the June 2003 order as case no. 03–2649. Meanwhile, while briefing proceeded in that appeal, the litigation continued in the district court. In October 2003 the court granted summary judgment to the remaining county defendants, Fed. R.Civ.P. 56, because Brackman had produced no evidence that these defendants had taken any action with respect to him, or that any of them had a duty or the authority to supervise the circuit court or its staff. Brackman filed another appeal from this order, which we docketed as case no. 04–1189.

We cannot understand how Brackman's lawsuit proceeded so far. Both of the claims raised in his complaint—denial of access to the state courts and wrongful

inclusion of his veterans' benefits as income for child support—are beyond the scope of federal subject matter jurisdiction because of the *Rooker–Feldman* doctrine. *See Rooker,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; *Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206. And because the district court lacked subject matter jurisdiction over either *claim,* it was unnecessary for the court to analyze Brackman's complaint differently for the two groups of defendants; the resolution for each is the same.

█ Brackman's first claim is that the defendants conspired to deprive him of access to the courts. In support of this claim he alleges that the Allen County circuit court failed to assign a judge to hear his petitions, failed to grant his motions for default, and failed to provide him with three pages of records. But Brackman petitioned for and was denied a writ of mandamus by the state supreme court to compel the circuit court to act on his filings. He may not now challenge or seek damages under 42 U.S.C. § 1983 or related statutes on account of the supreme court's refusal to compel the circuit court to act; his only remedy was to seek certiorari under 28 U.S.C. § 1257. *See Schmitt v. Schmitt,* 324 F.3d 484, 486 (7th Cir. 2003); *Gen. Auto Serv. Station LLC v. City of Ill.,* 319 F.3d 902, 905 (7th Cir. 2003).

Even if Brackman did not specifically raise each of the allegations mentioned here in his petition for a writ of mandamus, all issues relating to the circuit court's alleged inaction are barred. For *Rooker–Feldman* is not limited only to issues actually raised in state court but also encompasses claims "inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *See Lewis v. Anderson,* 308 F.3d 768, 772 (7th Cir. 2002); *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 557–58 (7th Cir.1999). Because his federal complaint alleges that the circuit court's failure to assign a judge to his petitions, grant his motions, and provide him with records was all part of a conspiracy by the defendants to keep him out of state court, any success on this claim would mean that the state supreme court wrongly decided that the circuit court had not engaged in any wrongdoing. Each individual allegation is "inextricably intertwined" with the others, and the district court lacked jurisdiction to consider them even if they had not been raised individually in his petition for mandamus. *See Lewis,* 308 F.3d at 772.

█ Brackman's second claim is even more obviously barred. He argues that the defendants wrongfully interpreted the Indiana appellate court judgment to allow his disability benefits to be withheld. But Brackman is really contesting the appellate court's determination that his veterans' benefits can be included for child support, not some independent action by the defendants. *Cf. In re Paternity of C.L.H.,* 689 N.E.2d at 458 ("The [disability benefit] ... does not appear to be a benefit from a 'means-tested public assistance' program which would be excluded from the definition [of gross income]."). Because Brackman's asserted injury stems directly from the judgment and not the defendants, his present suit requests collateral review of a state appellate court decision—a task that the district court lacks jurisdiction to undertake. *See Homola v. McNamara,* 59 F.3d 647, 650 (1995). "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir.1993).

The judgments of the district court are therefore modified to reflect dismissal for

lack of jurisdiction, and as modified, affirmed.

AFFIRMED as MODIFIED.