**John DAGGETT, Plaintiff–Appellant,**

v.

**Judge Barbara KEY, Paul Getchel, and Mark Stockli, Defendants–Appellees.**

No. 04–3419.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 3, 2005.

John Daggett, Oshkosh, WI, pro se.

David C. Rice, Office of the Attorney General, Madison, WI, Jason J. Franckowiak, Otjen, Van Ert, Lieb & Weir, Milwaukee, WI, John E. Bermingham, Reff Baivier Bermingham Zierdt & Lim, Oshkosh, WI, for Defendants–Appellees.

Before MANION, EVANS, and WILLIAMS, Circuit Judges.

ORDER

Invoking 42 U.S.C. §§ 1983 and 1985, John Daggett sued his late mother's former guardian, a real estate agent, and a state judge for claims arising from a judicial sale of his mother's property and for conspiring to deny him a hearing on those claims. The district court, reading the plaintiff's complaint as an attempt to obtain review of a state court's proceedings, dismissed the action for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. We affirm on the basis of *Rooker–Feldman* and for other jurisdictional reasons.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

According to Daggett's complaint and its attachments, his mother, Helen Daggett, was adjudged incompetent in 1991 and became a ward of the state. Defendant Mark Stockli, who was associated with defendant Oshkosh Family, Inc., became her guardian. Sometime in 1991, Daggett maintains, Stockli stole a $1,000 check from him and used it for the administration of Helen Daggett's estate. Shortly later, defendant Paul Getchel, a realtor, was hired to sell Helen Daggett's property. Daggett asserts that the state court awarded him a prospective right to proceeds from the sale of her property, but Getchel and Stockli conducted the sale without distributing any proceeds to him. The state court confirmed the sale. According to Daggett, Judge Key took over the guardianship proceedings in 1998 and is still presiding (although Helen Daggett passed away last year), and Judge Key has several times refused Daggett a hearing on claims arising from the sale.

In July 2004, Daggett sued Stockli, Getchel, and Oshkosh Family, Inc. for breach of fiduciary duty, breach of contract, conversion, negligence, and other state claims, alleging that he had a right to proceeds because he paid for property taxes (or even a right to the whole property under a theory of adverse possession). Additionally, Daggett alleged that it was "conceivable" that Judge Key conspired with the other defendants to deny him due process in pursuing those claims.

The district court dismissed the case for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine because, it reasoned, Daggett was essentially asking for review of the state court's probate proceedings and judgment. Alternatively, the district court noted that it would have dismissed the claims on the merits because Daggett's claims against Judge Key were barred by judicial immunity and the other defendants were not state actors.

On appeal, Daggett raises no arguments to unsettle the district court's reasoning that his suit is barred by *Rooker–Feldman*. Under the *Rooker–Feldman* doctrine, lower federal courts have no jurisdiction over appeals from state courts' civil judgments; instead, litigants must appeal such judgments to the highest state court and then to the Supreme Court of the United States. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Taylor v. Fed. Nat'l. Mortgage Ass'n*, 374 F.3d 529, 532–33 (7th Cir.2004); *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir.1996). To determine whether a plaintiff is pressing an independent claim or merely seeking review of a state judgment, we ask whether the state judgment caused the plaintiff's alleged injuries. *See Gen. Auto Serv. Station LLC v. City of Chicago*, 319 F.3d 902, 905 (7th Cir.2003); *Brokaw v. Weaver*, 305 F.3d 660, 664 n. 4 (7th Cir.2002); *Durgins v. City of East St. Louis, Ill.*, 272 F.3d 841, 844 (7th Cir.2001); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir.1999). Here, Daggett directly attacks the confirmation of sale, which he identifies as the cause of his injury, so all of his claims arising from the sale are barred by *Rooker–Feldman*. Similarly barred by *Rooker–Feldman* are Daggett's challenges to Judge Key's orders denying him a hearing; those attacks are an obvious attempt to sidestep an appeal from those orders through the state system. *See Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir.2003).

To the extent that *Rooker–Feldman* may not bar Daggett's claims against Stockli for use of stolen funds—if for instance Stockli deposited those funds before, and independently of, the judgment, *see Gen. Auto Serv. Station LLC*, 319 F.3d at 905; *Brokaw*, 305 F.3d at 664 n. 4—such claims do not belong in federal court

because transparent attempts to recast " 'wholly insubstantial and frivolous' " state claims as federal claims do not invoke the jurisdiction of the federal courts. *Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1317 (7th Cir.1997) (quoting *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). Daggett has done nothing more than apply the words "due process" and "conspiracy" to what are plainly state claims, most of which he already unsuccessfully raised in a collateral attack in a state court. *See Daggett v. Getchel,* No. 95–0274, 546 N.W.2d 886, 1996 WL 61208, at *2 (Wis.App. Feb. 14, 1996) (unpublished decision), *review denied,* No. 95–0274, 555 N.W.2d 124 (Wis. June 11, 1996) (unpublished decision).

For the foregoing reasons, we AFFIRM the judgment of the district court.