## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2016, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kurt Brenneman
North Providence, Rhode Island

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances H. Barrow
Andrea E. Rahman
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kurt Brenneman,<br>*Appellant,*<br><br>v.<br><br>Lisa Brenneman and State of Indiana,<br>*Appellees* | December 22, 2016<br><br>Court of Appeals Case No.<br>79A05-1508-DR-1074<br><br>Appeal from the Tippecanoe Circuit Court<br><br>The Honorable Donald L. Daniel, Special Judge<br><br>Trial Court Cause No.<br>79C01-1103-DR-57 |

**Robb, Judge.**

# Case Summary and Issues

[1]     The marriage of Kurt Brenneman ("Husband") and Lisa Brenneman ("Wife") was dissolved by a decree of dissolution entered by the trial court in 2002. Husband and wife had six children in their marriage, and, pursuant to the dissolution decree, Husband was ordered to pay child support. In 2014, Husband, pro se, filed a verified petition to modify child support, a motion for emergency hearing on the petition, and a motion to emancipate children. Husband served interrogatories to Wife, which remain unanswered despite the trial court granting Husband's motion to compel discovery. Because he was unable to obtain his requested discovery, Husband refused to offer testimony or significantly participate in his child support modification hearing, and the trial court subsequently dismissed his petition and motions. On appeal from the dismissal of his filings, Husband raises several issues, none of which present a cogent argument. However, the State of Indiana concedes and, we agree, this case should be remanded for a new child support modification hearing with instructions to the trial court to order Wife to answer Husband's interrogatories and provide the information in her possession pertaining to the children which was previously requested by Husband, and if necessary, hold a rule to show cause hearing.[1]

---

[1] We thank the State for the clarity of their argument, and for conceding where appropriate.

# Facts and Procedural History[2]

Husband and Wife were married in 1984 and had six children in their marriage: Dannae, Marah, Caleb, Michaela, Amelia, and Adrianna. In September 2001, Wife filed a petition for dissolution of marriage and the trial court entered a decree of dissolution in 2002.[3] Although one child has been emancipated by the trial court, Husband is currently subject to the trial court's child support order for his other five children.

On September 27, 2014, Husband, proceeding pro se, filed a verified petition for modification of child support. Shortly thereafter, Husband filed a motion for emergency hearing on the petition, and a motion to emancipate children. Husband based his request to modify child support on the following claims:

> There has been a change amounting to significantly more than twenty percent (20%) in financial circumstances since the most recent Child Support Modification Order, 5/30/2012, as follows:
>
> a) On May 22, 2014, [Husband] and the stepmother . . . helped Caleb Darius (age 21) relocate from Indiana to live at their residence where he is now enrolled in the PBA Alternative Admissions program at Rhode Island College.

---

[2] Husband filed his Notice of Appeal on August 5, 2015. The State of Indiana filed a Motion to Modify Child Support on July 29, 2016, and again on November 1, 2016. A hearing on the State's motion was scheduled for December 5, 2016 at 11:00 a.m. Husband filed an emergency motion to stay with this court on December 5, 2016 at 9:08 a.m. An order on Husband's motion to stay has been issued with this opinion.

[3] Husband now lives in Rhode Island.

b) The number of children who are currently dependent on the custodial parent has decreased from five (5) to two (2), Amelia . . . and Adrianna . . . . Amelia is of majority age (18) and has been employed part-time . . . over the past two years. She will graduate this academic year . . . . Adrianna will be of majority age (18) on 12/13/2016, . . . and will graduate in the spring of 2017.

Appellant's Appendix at 52-53 (citation omitted). Husband also argued neither parent should be responsible for paying any post-secondary education expenses for any child. Along with his petition for modification of child support, Husband served interrogatories to Wife, seeking, among a wide array of material, information about his children, their ages, and whether any of the children were emancipated. When Husband did not receive a response to his interrogatories, he filed a motion to compel discovery on February 23, 2015. On March 11, 2015, the trial court granted Husband's motion to compel and ordered Wife to respond to Husband's interrogatories within thirty days. Husband still has not received answers to his interrogatories.

[4] On June 3, 2015, the trial court held a hearing on various motions and petitions filed by Husband, including Husband's verified petition to modify child support and motion to emancipate children. During the hearing, Husband raised the issue that Amelia, one of the two remaining children yet to reach the age of emancipation, may have enlisted with the Marines; therefore, she also may have been emancipated. The trial court gave Husband multiple opportunities to address his various claims of emancipation and child support; however, he refused to offer any testimony because he claimed he had not received the

discovery he needed to proceed. When asked what specific discovery Husband needed, he responded,

> Everything that I have asked for. I petitioned for a motion for production of—for production. I've submitted interrogatories back on November the 6th along with a second request for production. I have received absolutely nothing and furthermore at this stage I have supplemental—second interrogatories so I cannot proceed period without discovery . . . . It is my understanding that none of them are in school at this time and haven't been and the word is . . . that Amelia has entered military service with the Marines, I don't know if that's true or not because I haven't received answers to the interrogatories.

Transcript at 29-30. Because he refused to offer testimony or significantly participate in the hearing, the trial court dismissed Husband's verified petition for modification of child support. Husband now appeals.

# Discussion and Decision

[5] In this case, the trial court dismissed Husband's petition to modify child support, which effectively denied his petition. A trial court's decision regarding child support modification is reviewed for abuse of discretion. *Lovold v. Ellis*, 988 N.E.2d 1144, 1149-50 (Ind. Ct. App. 2013). An abuse of discretion occurs when a trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Id.* at 1150. When reviewing a decision for an abuse of discretion, we consider only the evidence and reasonable inferences favorable to the judgment. *Id.*

Husband's petition to modify child support was based on the following claims: (1) he helped his son, Caleb, relocate to Rhode Island to live with him and attend college; (2) three (potentially four) of his children have been emancipated by operation of law; and (3) he asserted neither parent should be obligated to pay any post-secondary education expenses for any child.

Indiana Code section 31-16-8-1(b) sets forth the circumstances under which a child support order may be modified:

> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> (2) upon a showing that:
>
>> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>>
>> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

Indiana Code section 31-16-6-6 sets forth the circumstances under which a child may be deemed emancipated:

> (a) The duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age unless any of the following conditions occurs:

(1) The child is emancipated before becoming nineteen (19) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

\* \* \*

(b) For purposes of determining if a child is emancipated under subsection (a)(1), if the court finds that the child:

(1) is on active duty in the United States armed services . . . the court shall find the child emancipated and terminate the child support.

The party seeking modification bears the burden of establishing that the statutory requirements have been satisfied. *Hedrick v. Gilbert*, 17 N.E.3d 321, 327 (Ind. Ct. App. 2014). A party seeking emancipation must establish it by competent evidence. *Hirsch v. Oliver*, 970 N.E.2d 651, 655 (Ind. 2012).

[9] Initially, we note Wife has not responded to Husband's interrogatories. The Indiana Rules of Trial Procedure allow a party to obtain discovery regarding any relevant, unprivileged matter that is reasonably calculated to lead to the discovery of admissible evidence. Ind. Trial Rule 26(B). "Any party may serve upon any other party written interrogatories to be answered by the party served . . . who shall furnish such information as is available to the party." Ind. Trial Rule 33(A). Interrogatories may be served upon the opposing party after commencement of the action without leave of court. *Id.*

[10] Husband served his first set of interrogatories to Wife on September 27, 2014, seeking, among other things, information about his children, their ages, and whether any of the children are emancipated. When Husband did not receive a response to his interrogatories, he filed a motion to compel discovery on February 23, 2015. On March 11, 2015, the trial court granted Husband's motion to compel and ordered Wife to respond to Husband's interrogatories within thirty days; wife has yet to provide the requested information.

[11] At the modification hearing in June 2015, Husband raised the issue that his daughter, Amelia, may have enlisted in the Marines; therefore, she may be emancipated by operation of law. Ind. Code § 31-16-6-6(b)(1). Husband has no other access to this information and the State concedes it was error to proceed with the modification hearing without completing discovery. Appellee's Brief at 13-14.

[12] The State also admits Husband's argument that some of his children may have reached the age of emancipation has merit, and he should no longer be subject to a child support order for those children. Appellee's Br. at 12-13. At the modification hearing, Husband appeared telephonically and refused to significantly participate because he had not received the discovery he had requested. Although he could have simply testified about his children's ages

from his own personal knowledge, he did not do so.[4]  Regardless, the State concedes and, we agree, this case should be remanded for a new child support modification hearing.[5]  On remand, we instruct the trial court to first order Wife to provide the information in her possession regarding the status of their children which was previously requested by Husband in his interrogatories and then to hold another hearing regarding Husband's petition to modify.

# Conclusion

[13]  We reverse the trial court's dismissal of Husband's petition to modify child support and remand for a new modification hearing to determine when each child was emancipated as conceded by the State in its pleading of July 29, 2016 and again on November 1, 2016.  On remand, we instruct the trial court to first order Wife to answer Husband's interrogatories pertaining to the status of their children.

[14]  Reversed and remanded.

Mathias, J., and Brown, J., concur.

---

[4] Husband has elected to proceed pro se.  Pro se litigants are subject to the same standards as trained attorneys and is afforded no inherent leniency simply by virtue of self-representation. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014).

[5] We note the general rule in Indiana is that retroactive modification of support payments is erroneous if the modification relates back to a date earlier than the filing of a petition to modify. *Donegan v. Donegan*, 605 N.E.2d 132, 133 n.1 (Ind. 1992).  However, unlike a claim of change of circumstances requiring modification of child support, an assertion of emancipation is deemed effective as of the date of emancipation, rather than the date of filing of the petition.  *Id.* at 133.