**Jennifer J. MYRICK, Plaintiff–Appellant,**

v.

**Richard G. GREENWOOD, et al., Defendants–Appellees.**

No. 16-3342

United States Court of Appeals, Seventh Circuit.

Submitted April 13, 2017 *

Decided May 5, 2017

Rehearing Denied May 22, 2017

---

* The appellees were not served with process in the district court and have not participated in this appeal. We decide the appeal without

Jennifer Jonette Myrick, Pro se.

Before WOOD, Chief Judge, and POSNER and EASTERBROOK, Circuit Judges.

PER CURIAM.

■ Dismayed that her former husband has been awarded custody of·their son, Jennifer Myrick brought this suit seeking damages from the six state judges and court commissioners who presided over parts of the lengthy divorce and child-custody proceedings. She maintains that, by ruling against her, the judges manifested bias in favor of her former husband, violating her right to due process of law in that and other ways, and overlooked misconduct by her former husband, her son's guardians ad litem, and her own attorney. She did not ask the federal court in this suit under 42 U.S.C. § 1983 to change the award of custody but did request damages.

■ The district court summarily dismissed the suit because judges are absolutely immune from awards of damages for acts taken in a judicial capacity, whether or not the judges erred in conducting the litigation. See, e.g., *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

■ Myrick's brief does not try to explain why the defendants are not entitled to immunity. It does not contend that the defendants acted other than in a judicial capacity. It is instead a compendium of reasons Myrick believes that the state judges should have ruled in her favor. Myrick contends that the judges acted in bad faith, but "judicial immunity is not overcome by allegations of bad faith or malice". *Mireles*, 502 U.S. at 11, 112 S.Ct. 286. The Supreme Court of Wisconsin, not

oral argument because it is frivolous. Fed. R.    App. P. 34(a)(2)(A).

the federal judiciary, is responsible for dealing with claims that state judges erred. The judgment of the district court therefore is

AFFIRMED.

POSNER, Circuit Judge, concurring.

I join the panel opinion without reservations, but wish to note some wrinkles in the case that merit the attention of our staff attorneys; of our judges when they review orders, disposing of appeals, drafted by staff attorneys; of the district judges; and of litigants and their lawyers, when the litigants have lawyers.

As noted in the panel opinion, the plaintiff filed this suit in federal district court in Wisconsin against six Wisconsin circuit court judges and family court commissioners, and the opinion rightly notes that the defendants are immune from liability for rulings made in the course of their judicial duties, as all the rulings that the plaintiff challenges were. But it is worth noting that the "commissioner" defendants, though not called judges, are judicial officers and therefore really do partake of the same immunity as the state circuit court judges. See Milwaukee County Courts, Family Division, "What is the Family Court Commissioner's Office?," http://county.milwaukee.gov/Courts/Family.htm (visited May 5, 2017); *Brunson v. Murray*, 843 F.3d 698 (7th Cir. 2016).

Another wrinkle concerns a footnote that often appears in our orders and opinions deciding appeals when we have not heard oral argument: "We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court." This language is derived from Rule 34(a)(2) of the Federal Rules of Appellate Procedure, which states: "Oral argument must be allowed in every case unless a panel of three judges who have examined the briefs and record unanimously agrees that oral argument is unnecessary for any of the following reasons: (A) the appeal is frivolous; (B) the dispositive issue or issues have been authoritatively decided; or (C) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."

The commonly appearing footnote quoted above thus tracks Rule 34(a)(2)(C), but is inapposite to the present case and thus is properly omitted from the panel opinion. The appellees were not served with process in the district court and have not participated in the appeal, and the only brief (not briefs) filed in the case was the plaintiff's. The plaintiff has no lawyer, has not requested that we try to find one to represent her in this court, and has not asked for oral argument. The appellate record circulated to the three judges who constitute this appellate panel consisted solely of her complaint, the district judge's order dismissing the case, and her brief—a brief that contains almost nothing that could be regarded as a legal argument and in many places misapprehends the function of a court of appeals, as when she asks us "for a money judgment for no less than $3 million and no more than $1 billion."

It is true that additional material (available to the judges on request) appears in a separate appendix lodged with the clerk of our court, but none of that material is germane to the issues on appeal. It recounts, for example, the appellant's custody battles with her former husband, including her state court custody litigation, and it adds some medical records. Finally there is the district court record, which has been filed with us but which contains nothing of significance to the plaintiff's appeal: her consent to jurisdiction by a

magistrate judge; the chief district judge's order dismissing the case and denying her motion for leave to appeal in forma pauperis; and her notice of appeal.

So there is a brief but not briefs, a scanty appellate record, no request for oral argument—and no purpose would be served by oral argument because, as the majority opinion points out, the appeal is frivolous. It is therefore because of Rule 34(a)(2)(A) ("the appeal is frivolous") rather than 34(a)(2)(C) ("the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument") that we are authorized to decide the case without oral argument.