**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019[*]
Decided July 1, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3144

| | |
|---|---|
| JERRY HARDEN, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Eastern District of Wisconsin. |
| *v.* | |
| | No. 18-C-1109 |
| BRUCE SCHROEDER and | |
| REBECCA MATOSKA-MENTINK, | Lynn Adelman, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Jerry Harden, a Wisconsin prisoner, appeals the dismissal at screening of his complaint. *See* 28 U.S.C. § 1915A. He alleges that a state-court judge and clerk violated his First and Fourteenth Amendment right to access the courts by docketing his collateral attack in his criminal case. But he has not alleged that the docketing harmed

---

[*] The defendants were not served in the district court and are not participating in this appeal. We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

him, and he attached to his complaint a state-court ruling showing that he received a merits decision on his collateral attack. Thus, we affirm.

We review a dismissal at screening de novo and accept Harden's allegations as true. *Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012). Harden filed a "Petition for Writ for Habeas Corpus" in the Circuit Court of Kenosha County. He used the case number from his original criminal case, and the court clerk docketed the petition in that case's file instead of opening a new one. Circuit Judge Bruce Schroeder reviewed Harden's petition and, as the ruling that Harden attached to his complaint shows, denied it on the merits. Referring to Harden (mistakenly) as "Mr. Moore," the state judge also wrote: "Because Mr. Moore has incorrectly filed this petition in the criminal court file, … this order and his application will be kept in the criminal court file for reference purposes." Harden moved for reconsideration. The judge reviewed that motion too but denied it.

Rather than appeal the denial of his petition, Harden turned to federal court. He sued the judge and clerk for damages under 42 U.S.C. § 1983, alleging that they conspired to deny him access to the courts. Harden asserted that the clerk intentionally refused to docket his petition under a new case number and that the judge's denial of Harden's petition was "illegal" and "fictitious." In dismissing the case, the district judge explained that Harden had no constitutional right to insist that the clerk adhere to state filing rules. And, the judge added, Harden could not allege an injury from the defendants' actions because nothing "prevents [Harden] from appealing Judge Schroeder's denial should he choose to do so."

On appeal Harden contends that he stated a valid claim that the defendants deprived him of access to the courts. We begin with two threshold matters. First, the *Rooker-Feldman* doctrine permitted the judge to decide the merits of this § 1983 suit. *See Rooker v. Fid. Tr. Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because Harden complains about acts that *preceded* the initiation of process (the alleged refusal to docket a case), *Rooker-Feldman* did not block the district court from acquiring jurisdiction. *See Gen. Auto Serv. Station LLC v. City of Chicago,* 319 F.3d 902, 905 (7th Cir. 2003). Second, because Harden seeks damages from the defendants under § 1983 for allegedly preventing him from accessing the state court to invalidate his state conviction, the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), could be a defense to this suit. But the judge did not discuss *Heck* and the defense is not jurisdictional, so we do not address it. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).

The district judge was correct to dismiss the suit on the merits. Although many defects render it baseless, we discuss only one: Harper failed to allege an injury. To state an access-to-courts claim, a prisoner must allege that an injury resulted from the defendants' conduct. *See Lewis v. Casey*, 518 U.S. 343, 350–51 (1996); *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). An inmate may allege, for example, "that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff*, 335 F.3d at 656. Harden pleaded none of this. Moreover, the ruling attached to his complaint shows that despite how the case was docketed, the state judge decided the merits of the petition. Therefore, Harden received access to the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Shango v. Jurich*, 965 F.2d 289, 293 (7th Cir. 1992).

Finally, nothing prevented Harden from appealing this adverse decision on the merits. In Wisconsin a litigant may appeal by filing a notice "with the clerk of the circuit court in which the judgment or order appealed from was entered." WIS. STAT. § 809.10(1). The judge told Harden what case number to use, so he could have used his case name and number, specified the order that he planned to appeal, and followed the other procedural rules set forth in section 809.10(1)(b).

Harden's replies are unpersuasive. First, he observes that in denying his petition, Judge Schroeder made a scrivener's error by calling Harden "Mr. Moore." That may have been a reason to appeal in state court, but it also shows that Harden received access to the state court because the judge made that error when *deciding* the petition's merits. Second, Harden argues that Judge Schroeder entered an "illegal" and "fictitious" order. If Harden is challenging the validity of a state-court order, *Rooker-Feldman* blocks that challenge. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). And in any event, Judge Schroeder is absolutely immune for his judicial actions. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir.), *cert. denied*, 138 S. Ct. 389 (2017). Finally, Harden complains that the district judge failed to address his allegation that the defendants conspired to deprive him of his constitutional rights. But without an underlying violation, his conspiracy allegations also fail to state a claim. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 305 (7th Cir. 2011).

AFFIRMED